AARON G. BYRANE, Respondent, *vs.* HIRAM ROGERS, Appellant.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

A lease contained a covenant to pay certain rents, and all taxes during the term, and also a stipulation allowing the landlord to re-enter for breach of any of the covenants on the part of the lessee. There was a stipulation waiving demand in case of default in the payment of rent, in these words—"That if it shall happen that any instalment of the rent hereinbefore reserved, shall not, with the interest accruing thereon, be paid to the said party of the first part, his heirs and assigns, without demand, within thirty days after the same shall have become due and payable, or at any time thereafter, if demanded," &c  The complaint alleged breaches in the non-payment of rent. and also taxes. *Held,* That the stipulation to waive demand, only obviated the necessity of making the common law demand on the due date of the rent, and that if the landlord desired to re-enter under a claim of the lease being forfeited for the non-payment of rent, at any time after the due day, he must make a demand.

*Held further,* That no demand is necessary to entitle the landlord to re-enter for a breach of a covenant to pay taxes.

SMITH & GILMAN, Counsel for Appellant.

G. HEWITT and BRISBIN & WARNER, for Respondent.

*By the Court.*—FLANDRAU, J.—This action is brought to recover possession of certain demised premises, upon the ground that the lease is forfeited for non-payment of rent, and certain taxes and assessments. The case was not argued in Court, nor has either party furnished us with points or authorities to aid our investigations. We are informed by the decision of the Court below, that the case was decided there upon whether a demand for the rent was necessary under the lease, to entitle the lessor to take advantage of the forfeiture occasioned by non-payment, the Court holding that such demand was waived by the terms of the lease. The question is presented by demurrer to the complaint. The lease was of lands in the city of St. Paul, for the term of twenty years, at a stipulated rent, payable quarterly, and also the payment by the lessee of all taxes and assessments levied or assessed upon the land. The covenant for re-entry for the breach of the lessees' covenant,

is in the following words, "That if it shall happen that any instalment of the rent hereinbefore reserved, shall not, with the interest accruing thereon, be paid to the said party of the first part, his heirs and assigns, without demand, within 30 days after the same shall have become due and payable, or at any time thereafter, if demanded, or if default shall be made in any of the covenants therein contained, on the part of the said party of the second part, his representatives or assigns, to be paid, kept or performed, then and in either case it shall be lawful for the said party of the first part, his heirs or assigns, into the said premises or any part thereof, to re-enter; and the same, with the improvements thereon at that time existing, to have again and repossess, as though this lease had not been made." The breach assigned is the non-payment of $139.12 rent, which is alleged to have been due more than thirty days, and also the non-payment of various sums, for taxes, which have accrued against the land.

We will first examine the question as to whether the terms of the lease waive the necessity of a demand of the rent before re-entry by the landlord for non-payment, and then whether any demand is requisite at all when the breach complained of is the non-payment of taxes. At the common law, when a landlord claimed a forfeiture for the non-payment of rent, it became his duty to make a demand of the rent in person, or by agent properly authorized. He must demand the precise sum due. He must demand it precisely upon the day when the rent is due. He must demand it at a convenient time before sunset. He must demand it upon the land, and at the most notorious place of it, and at the dwelling-house, if there is one, and at the front door of the house, unless a place of payment is mentioned, when it must be there demanded. He must demand it in fact, although there should be no person upon the land ready to pay it. *Adams on Ejectment*, 4th ed., 187. The precision which was required in the fulfilment of the prerequisites above mentioned, to enable a landlord to take advantage of a forfeiture for non-payment of rent, rendered it difficult and perplexing to succeed in this respect. It was evidently to avoid this that the stipulation waiving demand was inserted in the lease. The effect

of the stipulation therefore is, that when the tenant fails to pay the rent for the space of thirty days after it becomes due, the landlord may re-enter at once without fulfilling the requirement of the common law and claim his forfeiture ; but he must claim his forfeiture at the time it accrues by re-entry or suit, or he will lose it in the same manner he would have done had a demand been necessary and he failed to make it.   The demand is all that is waived, the intention to assert his rights under the forfeiture in every other particular, is as necessary as without the stipulation.   It must be observed that the stipulation only waives the demand that the law requires *on the day* the rent is due ; it expressly declares that if the landlord wishes to re-enter at any time after the due day of the rent, he can only do so upon demand, and I suppose the demand he would then have to make would require the same particularity as if there had been no provision upon the subject, differing only as to time when it might be made.   A careful reading of the waiver in the lease, with an understanding of the requirements of the law on the subject of these demands, leaves no doubt of its meaning.   The Court therefore erred in deciding that the lease waived all demand, as well after as on the date of the rent.   As it appears from the complaint that the rent had been due *more than thirty days*, and as no demand is alleged, no forfeiture can be claimed upon the breach of this covenant.

A very much more difficult question arises upon the breach of the covenant for the payment of taxes, as to whether a landlord can re-enter for their non-payment without a demand.   I confess the question was one of great doubt in my mind, when I first entered upon the examination of it, and the almost entire absence of authority upon the point, rendered its solution more embarrassing.   The great strictness required of landlords who seek forfeitures for the non-payment of rent, I conceive to have arisen from the extraordinary remedy they possessed for the collection of that character of debt, by way of distress.   I can find nothing which required a landlord to make a demand before forfeiture on breach of a covenant to repair, or insure, or keep insured, or similar agreements.   In the case of *Tate vs. Crawson, 6th Iredell, North Carolina,* the

lessee agreed that at the end of each year he would give a bond with surety for the rent of the succeeding year. It was held that it would not work a forfeiture of the lease unless the landlord made a demand of performance at the end of the year. This case I find in the United States Digest, and have been unable to find the original report. The reason for requiring a demand in this case we can only conjecture, and conclude that it arose out of the peculiar nature of the act covenanted to be done. The lessee was to give a bond with surety on a day certain, for a sum certain, or be subjected to a forfeiture of his term. In analogy to the case of a party holding under a contract for a deed of land, although the covenantor agrees to make, execute and deliver the deed, the covenantee must prepare the instrument and tender it, demanding its execution, before he can maintain an action for a specific performance. The general reluctance Courts have to enforce forfeitures, may have induced this one to impose upon the lessor the duty of a previous demand of this bond under the peculiar circumstances of the case. This is the only case I have been able to find in which a demand has been held necessary to perfect a forfeiture, other than in the case of the non-payment of rent, except one case in New York, where a demand was held necessary for the non-payment of taxes, which was subsequently overruled.

In *Jackson vs. Harrison*, 17 *John, R.*, 66, Justice Van Ness, in his opinion at *page* 69, says, " The Plaintiff equally fails in showing a right of entry by reason that the Defendant did not pay the United States tax because the indispensibly necessary step of making a demand of the Defendant within the period required by law, in order to create a forfeiture, was not taken." No authority is cited, and no reasons given. The point is assumed and asserted without argument. In the case of *Garner vs. Hannah*, 6 *Duer, Superior Court Reports, N. P.*, p. 262, the same question came up, and the dictum in *Jackson vs. Harrison*, was considered and overruled. The Court shows that a stipulation on the part of a tenant to pay taxes does not make such taxes part of the rent, because they are uncertain both as to amount and time of payment, and are not payable to the landlord but to the government, for

the benefit of the public, and then proceeds to discuss the question of a demand being necessary by the landlord to enable him to claim a forfeiture for their nonpayment, citing the case of *Jackson vs. Harrison.*   It says the dictum of the Judge was not well considered, and argues that a demand cannot be necessary, because there is no certain day of payment, and the taxes are not payable to the landlord.   The covenant is to pay the tax; the right of re-entry accrues by reason of its nonpayment, and the consequent damage to the landlord of having his property liable to be sold.   Should the landlord pay the tax, and then demand of the tenant its reimbursement to him, a refusal on the part of the tenant would give the landlord no right of re-entry, because such a refusal would be no violation of covenant to pay the tax, and covenants, upon the breach of which forfeitures are claimed, must be strictly construed.   A covenant to pay a tax, and a covenant to reimburse another who had paid it, would be very different both in terms and effect.   I suppose a tenant who covenants to pay taxes, has until the last day of the time provided by law for their payment in which to pay them to the government when a day certain is fixed, or he may pay them at any time after the assessment is fully perfected.   It is usually the case that a tax may be assessed to the owner or the occupant of land, and sometimes to the land itself, without regard to either.   In some instances the personal property of the party to whom the land is assessed is subjected to the payment of the tax in the first instance, and may be seized by the collector at any time during the period allowed him to make his collections.   Now it will readily be perceived that a landlord would, under certain of these contingencies, find himself very much embarrassed to decide when, where or what, to demand of his tenant, should a demand be a pre-requisite to his right to enter for nonpayment of taxes.   We are satisfied that no such demand is necessary.

The complaint, therefore, is good, as it alleges a breach of the covenant to pay taxes, for which a right to re-enter is given by the lease.   The order overruling the demurrer is af-

vol viii.—36

firmed. The Defendant may answer within ten days from the service of the order to be entered upon this decision upon him.