## SASSER *v.* ADKINS, tax-collector.

1. Any ordinary in this State has the right to administer a pauper oath made for the purpose of bringing a case to this court without the payment of costs, and such oath may be taken before an ordinary either in his own county or in any other county in the State.

2. Where the tax-collector of a county has issued against a person a fi. fa. for a certain amount as "special State taxes for selling spirituous liquors,"

and the defendant in fi. fa. has filed thereto an illegality which does not assign any reason why he was not subject to such tax, except that he " is not a liquor-dealer as contemplated by the statute made for such cases of special tax," there being no allegation in the affidavit that he was not such a liquor-dealer when the tax was imposed and when the fi. fa. issued, there is no error in overruling the illegality and directing that the fi. fa. proceed.

Submitted May 30, — Decided July 21, 1899.

Illegality.    Before Judge Gamble.    Bulloch superior court. October term, 1898.

*Emory Cason*, for plaintiff in error.

SIMMONS, C. J.    1. This case was brought to this court without the payment of costs, the plaintiff in error having made and duly filed an affidavit in forma pauperis.    The affidavit was made in Bulloch county and attested by the ordinary of Screven county, both counties being in this State; and the question arose as to whether the ordinary had authority to administer the oath.    This court has held that an ordinary may attest a deed, under the statute authorizing the judge of any court of record to do so: *Gress Lumber Co.* v. *Coody*, 99 *Ga.* 775; this decision recognizing the ordinary as the judge of a court of record and as having power to attest a deed in any county in the State.    We think authority to administer an oath such as is here under discussion is clearly given the ordinary by section 4241 of the Civil Code, which is as follows : "The several ordinaries of this State are authorized to administer oaths in all cases where the authority is not specially delegated to some other officer."    The authority to administer a pauper oath is not specially delegated, and the oath may therefore be administered by an ordinary.    Nor is this authority given the ordinary only when he is in his own county.    The authority is general, and applies to him as well in any other county of the State as in his own.    It is not restricted, and we think the oath may be administered in any county of the State by any of the ordinaries of the State.

2. In the present case the tax-collector had issued against Sasser a tax fi. fa. for a certain amount due as "special State taxes for selling spirituous liquors," and the defendant in fi. fa.

filed an affidavit of illegality to such fi..fa.. This affidavit of illegality was demurred to, the trial judge sustained the demurrer and ordered that the fi. fa. proceed, and Sasser excepted. We think that the judge did not err in sustaining the demurrer, for the reason that the affidavit of illegality was insufficient in law and gave no good reason why the fi. fa. should not proceed. It stated that the affiant was not subject to the tax levied, but gave no good reason why he was not subject or why he was exempt. It stated that there was "no law under which to impose said tax upon defendant," but this is insufficient, as there is a law imposing such a tax upon certain persons, and this ground of illegality does not show that the affiant was not such a person. The only ground in which he attempted to give any reason why he was not subject to the tax or why the fi. fa. should not proceed against him was the third, in which it is alleged that the fi. fa. is proceeding illegally, "because defendant is not a liquor-dealer as contemplated by the statute made for such cases of special tax." This ground was clearly insufficient. It gave as a reason why the fi. fa. should not proceed the fact that the affiant was not, *at the time of the execution of the affidavit of illegality*, such a liquor-dealer as came within the provisions of the statute imposing the special tax. This is not inconsistent with his having been such a liquor-dealer at the time the tax accrued and at the time the fi. fa. was issued. The affidavit does not negative his having been such a liquor-dealer as to be liable for the special tax and that the tax was properly imposed. As far as the affidavit shows, this may have been true and the fi. fa. properly issued and the liquor business subsequently abandoned by Sasser. Having been subject to this tax, and the fi. fa. having been properly issued against him, his subsequent retirement from the business taxed would not in any way affect the legality of the fi. fa.; and, no other ground being shown why it was proceeding illegally, the trial judge properly struck the affidavit and ordered that the fi. fa. proceed. In dealing with this case we have not considered an admission which appears to have been made "by both sides, that the said Sasser had never registered as a liquor-dealer with the ordinary, as provided for in section 791" of

the Political Code. The case was determined upon demurrer; and, in reviewing the ruling of the lower court, we can not consider such an agreed or admitted fact, but must look solely to the pleadings and the facts alleged therein. If counsel for the affiant had desired that this admitted fact should be considered in determining the questions raised by the demurrer, he should have incorporated it in the affidavit of illegality. *Constitution Pub. Co.* v. *Stegall*, 97 *Ga.* 405; *Augusta & S. R. Co.* v. *Lark*, 97 *Ga.* 800.

*Judgment affirmed. All the Justices concurring.*