## PARKER *v.* GORTATOWSKY *et al.*

1. Where an owner of property claimed that a lease was at an end, brought suit to recover possession, and refused to receive a tender of rent, or any rent pending the suit, it was not necessary, in order to prevent a forfeiture or termination of the lease, for the tenants to continue to make tenders during the litigation.

2. Where under such circumstances the owner brought the case to this court, and a decision was rendered against her, but before the remittitur had been returned to the trial courts she demanded rent, some of which was not then due, and interest thereon, and, on failure of prompt payment of the amount demanded, instituted summary proceedings to dispossess the lessees as tenants failing to pay rent, she could not prevail; and the direction of a verdict for the defendant was not erroneous.

3. Where a lease provides for a stipulated yearly rental, but does not state when it shall be due, it is generally payable at the end of each rent year.

4. Such annual rental bears interest from the date when it is due. **To** prevent interest from running, there must be a continuing tender.

Argued October 16,—Decided November 18, 1907.

Eviction. Before Judge Parker. Ware superior court. August 3, 1907.

*J. L. Sweat,* for plaintiff.

*Wilson, Bennett & Lambdin,* for defendants.

LUMPKIN, J. J. S. Bailey leased a portion of a building in Waycross, owned by him, to A. C. and L. E. Gortatowsky as an opera-house. The contract was dated March 31, 1903, and provided for leasing the theatre for one year from April 1, for the sum of $200. It contained this provision: "The said Gortatow-

skys, at the expiration of the first year, to have the option of leasing said theatre at $300 per annum for a term of two years, and, at the expiration of that lease, to have the option of extending it for three years more." Bailey sold the property to Mrs. Willie L. Parker. Some time after the end of the first year, she brought suit against the Gortatowskys and their agent in possession, to recover the premises. They defended on the ground that the Gortatowskys had exercised the option to continue the lease. After a verdict in favor of the defendants, the plaintiff brought the case to this court, where the judgment was affirmed. 127 *Ga.* 560. On March 9, 1907, before the remittitur from this court had reached the court below, Calvin W. Parker, as agent for his wife, the plaintiff in the former proceeding, made an affidavit that there was due rent for three years from April 1, 1904, at $300 per annum, besides $126 interest thereon, making an aggregate of $1,-026; that demand had been made therefor; that the lessees had failed to pay; and that he had then demanded possession of their agent holding for them, which had been refused; wherefore the affidavit was made in order that a warrant might be issued to dispossess them. A counter-affidavit was filed, and the case returned to the superior court. On the trial, the presiding judge directed a verdict for the defendants. The plaintiff made a motion for a new trial, which was overruled, and she excepted.

It is clear from the evidence that the lessees desired to retain the property, and that Mrs. Parker, or her agent, desired to get possession of it. The whole procedure was apparently aimed, not to obtain payment of the rent, but to secure a forfeiture of the lease. Forfeitures are not favorites of the law. Has the plaintiff, or her agent, succeeded in securing one now? We think not. When the former case, brought by the same plaintiff in the effort to recover possession, was before this court (127 *Ga.* 560), we held that the Gortatowskys had exercised the option to renew the lease for the two years after the first had expired; that Mrs. Parker, who bought from Bailey, took subject to their rights; and that she could not recover possession from them. The evidence shows without conflict that on the day when that case was decided in their favor in the superior court, one of the defendants tendered to the husband and agent of the plaintiff the rent for a year in cash, which he declined to receive. The

husband testified that the ground for this was that the case might be carried to the Supreme Court. Among other things he stated as a witness as follows: "He [Gortatowsky] said 'I will pay you the last year's rent.' I told him, 'I can't accept it right now.' . . Any time while the case was pending in the Supreme Court, up to the time Judge Sweat [plaintiff's attorney] made this demand, I would not have accepted the rent, if it had been tendered to me, without going to Judge Sweat to see whether or not to accept it. . . I don't think I have made a demand on him [Gortatowsky] for the rent for any of these years. If I made the demand, I don't remember it. The case was in court, and I did not think it proper to make a demand until it was out. After we commenced this proceeding, I wouldn't have accepted the money for the rent, if it had been tendered to me, I don't suppose." He also testified that one of the Gortatowskys had said to him that they ought to compromise the matter and get it out of court; to which he replied that as soon as the Supreme Court decided the case, he would talk to Gortatowsky and "we would get together." Also, that Gortatowsky said: "The day it is decided, if it is in your favor, we will get on the train and come down and pay you all rents due, and will get a lease from you and get on terms, and have you fix up the theatre. If it is decided in my favor, I want you to do the same thing. I am willing to pay you more rent for it, and I want you to fix it up." The plaintiff was thus, through her agent, declining to recognize the relation of landlord and tenants or lessor and lessees, or to receive rent, and suing to recover possession of the property. Under this state of facts, it was not necessary to continue to make tenders until the right of the defendants under the suit was determined, in order to preserve their status. *Biggers* v. *Pace,* 5 *Ga.* 171 (4); *Hunt* v. *Formby's Guardian,* 43 *Ga.* 79 (2); *Ansley* v. *Hightower,* 120 *Ga.* 719. The Supreme Court announced its decision in favor of the defendants on February 14, 1907. A motion for a rehearing was made and denied. The remittitur was certified to the trial court on March 11, and was filed in the office of the clerk of the superior court March 12. In the meantime, on March 6, the attorney for the plaintiff mailed a statement of the rent claimed to the defendants at Albany, about 111 miles from the place where the opera-house was, and also a copy

to their agent in possession, but who had no authority to settle this matter. The agent was absent, and returned home on Saturday evening, March 9. The plaintiff's agent and attorney called on him and asked him for the rent. He stated that he could not pay it, but would communicate with the Gortatowskys on Monday. They then demanded of him the property, and, upon his refusal, an affidavit was made at once for the purpose of having a warrant to dispossess the defendants issued. The defendants replied to the letter, mailing their answer on Saturday, that their attorney would take up the matter for settlement with the plaintiffs.

The suit repudiating the lease and seeking to recover the property was not at an end before the remittitur was filed, at least. Perhaps entering judgment on it may not have been the duty of the losing party. The announcing of the decision of the Supreme Court did not close the record. So that, before it was ended, the effort to recover the property by dispossessory proceeding was premature.

Again, in the former decision in 127 *Ga.* 560, the time when the annual rent for the renewal of the lease fell due was not determined. Generally where a lease is made for one or more years, at a stipulated annual rental, without specifying when the rent is due, it is not due until the end of the year, or of each year. 24 Cyc. 1170, and cit.; 18 Am. & Eng. Enc. L. 270, and cit. In the present record the time for payment of the first year's rent does not appear. The report of the former case, in the 127 *Ga.*, states that four notes were given for the rent of that year; but the renewal provided for was at $300 per year, without specifying any time or times for payment. The rent was therefore payable at the end of each year from the beginning of the renewal, namely April 1, 1904. The demand included rent for three years, the last beginning April 1, 1906. Hence the demand made in March, 1907, was before the rent for that year was due; and the proceeding to dispossess, based in part on a failure to pay such rent, was premature for that reason also.

Still further, not only was rent demanded, but interest on it, calculated from the first of each rent year. Under the ruling just above made, interest ran on the rent only from the time when it was due. The waiver of tender by refusal to receive rent

during the pendency of the case did not prevent interest from running from the dates when installments of rent fell due. It requires a continuing tender to accomplish that result. *Kerr* v. *Hammond,* 97 *Ga.* 567, 569.

For the reasons above stated no recovery could be had by the plaintiffs in the dispossessory proceedings; and there was no error in directing a verdict for the defendants.

*Judgment affirmed. All the Justices concur.*