## HICKS v. BEACHAM.

1. A lease for a term of fourteen years from January 1, 1902, at a stipulated rental payable in lint-cotton, to be delivered at any warehouse in a named city which the lessor might designate, contained a provision that if the lessee should fail to pay the rent as therein stipulated, or fail to perform the other covenants in the lease, then the lessor should have the right to declare the lease terminated at the end of any year pending the same. An affidavit was made by the lessor's grantee, for the purpose of obtaining a summary warrant to dispossess, which merely alleged that the rent became due for the year 1906, and that the lessee "refused and failed to pay the same," and that, under the terms of the contract, the lessor's grantee cancelled and declared the lease at an end and void from the end of the year 1906, but neither alleged any demand for the rent as a basis of forfeiture of the term, nor showed that such demand was made unnecessary by the terms of the lease, nor alleged that there was any designation of the place of delivery of the cotton, nor that the failure or refusal to pay rent existed at the time the affidavit was made, as a basis for proceeding for non-payment of rent. *Held*, that such affidavit and the warrant based upon it were subject to a motion to dismiss.

2. Oral admissions of fact by a party or his counsel are not proper matters for consideration in passing on a demurrer to pleadings, or a motion to dismiss in the nature of a demurrer.

Argued February 10,—Decided July 20, 1908.

Eviction. Before Judge Lewis. Laurens superior court. July 26, 1907.

Hicks made affidavit for the purpose of obtaining the issuance of a warrant to dispossess Beacham as his tenant. The affidavit alleged, among other things, as follows: On October 28, 1901, Beacham leased from a grantor of the land, under whom Hicks derived title, a certain described tract of land. Under the terms of the lease, the lessee was to have possession for a term of fourteen years, provided he performed his obligations under the contract, one of which was the payment of rent on the 15th day of September of each year. The rent became due for the year 1906, and the lessee "refused and failed to pay the same;" when, under the terms of the contract, Hicks cancelled the lease and declared it at an end and void from the end of the year 1906. Beacham continues to hold possession beyond the term for which he is entitled to hold it under the contract. Subsequently, on January 1, 1907, Hicks, desiring possession, personally demanded it from Beacham, and the latter refused to deliver it. Attached to the affidavit was

a copy of the contract. It provided for a lease of fourteen years' duration by one Conrad to Beacham, from January 1, 1902. The lessee agreed to pay for the rent, on the 15th day of September of each year, certain specified amounts of lint-cotton "packed in merchantable bales, and deliver at any warehouse in the city of Dublin, free of costs to the said Holmes Conrad Jr., that the said Holmes Conrad Jr. may designate." There were certain other terms as to clearing land and preparing it for cultivation, which are not material. It then provided that "should the said J. H. Beacham fail to pay the rent as above stipulated or fail to perform the other covenants in this lease, then the said Holmes Conrad Jr. shall have the right to declare this lease terminated at the end of any year pending the same." When the case came on for trial, a motion was made to dismiss the affidavit and warrant, because the affidavit did not allege that the rent was not paid; and because it did not allege that the plaintiff demanded payment of the rent of the defendant, and the defendant refused to pay it on demand. The court sustained the motion and dismissed the case. The plaintiff excepted.

*W. C. Davis,* for plaintiff. *Peyton L. Wade, James K. Hines,* and *James B. Sanders,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.)

Hicks made affidavit for the purpose of obtaining a warrant to dispossess Beacham as his tenant. On the trial, the court dismissed the affidavit and warrant, because the affidavit neither alleged that the rent had not been paid nor that there had been a demand and a refusal to pay it. The contract of lease was to extend for fourteen years, but contained a provision that if the tenant failed to pay the rent as stipulated, or failed to perform the other covenants of the lease, the landlord should have the right to declare the lease terminated at the end of any year pending the same.

1. At common law a failure or refusal to pay rent did not work a forfeiture of the term, unless the lease contained express conditions of forfeiture in case of such non-payment. Even where the right of re-entry was reserved for breach of a covenant to pay rent the rule was, that, before there would be a forfeiture for non-payment, there must be a demand for the rent, and such demand was required to be in strict compliance with the contract. The law does

not favor forfeitures, and inclines to construe conditions to be remediable by damages rather than by forfeiture; and this rule was applied to forfeitures of leases for non-payment of rent. An express stipulation in a lease dispensing with the requirement of a demand for rent may be made. The great strictness of the common-law decisions on the subject of requiring a demand, and what character f demand was necessary, rendered it often difficult, and sometimes almost impossible, to enforce a general provision for re-entry upon breach of the covenant to pay rent. The positions above announced will be found supported by the following authorities: Jones on Landlord and Tenant, §§502-504; 1 McAdam on Landlord and Tenant (3d ed.), §188; 2 Taylor on Landlord and Tenant, §§488, 493; 2 Wood on Landlord and Tenant (2d ed.). §514; 24 Cyc. 1352, 1354, 1355; 18 Am. & Eng. Enc. Law (2d ed.), 374, 377. The same general rule has been adopted in America in the absence of any statute or provision in the contract modifying it, or showing a different intent. See McQuesten *v.* Morgan, 34 N. H. 400; Chipman *v.* Emeric, 3 Cal. 273; Miller *v.* Sparks, 4 Colo. 303; Chadwick *v.* Parker, 44 Ill. 326; McGlynn *v.* Moore, 25 Cal. 384; Buckner *v.* Warren, 41 Ark. 532; Bartlett *v.* Greenleaf, 11 Gray, 98; Smith *v.* Blaisdell, 17 Vt. 199; Byrane *v.* Rogers, 8 Minn. 281; Bowyer *v.* Seymour, 8 W. Va. 12; Jackson *v.* Collins, 11 Johns. (N. Y.) 1. The cases of *Georgia Railroad & Banking Co.* v. *Mayor and Council of Macon,* 86 *Ga.* 585 (13 S. E. 21), *Mayor and Council of Macon* v. *East Tennessee, Virginia & Georgia Ry. Co.,* 82 *Ga.* 501 (9 S. E. 1127), and *Moss* v. *Chappell,* 126 *Ga.* 196 (54 S. E. 968), were different from the case at bar. None of them involved the question of forfeiture of lease for non-payment of rent; but they were based on conveyances of land for a limited use. Of course the general rules announced are subject to modification by statute or by the terms of the lease.

By the act of December 11, 1811, it was declared that "If any person leasing or renting land, house or houses, shall fail to pay the rent at the time the same shall become due, it shall and may be lawful for the lessor, immediately thereafter, to enter and retake possession of the premises so by him leased or rented." (Cobb's Digest, 900.) No summary mode of legal procedure was provided by that act. By the act of December 24, 1827, it was provided that when a tenant held over beyond the expiration of his lease, and

refused to deliver possession, the lessor or owner might, on oath setting out the facts, obtain a warrant to have possession delivered to him and the tenant removed. The tenant might file a counter-affidavit, and thus cause an issue to be made for trial at the next superior court. Cobb's Digest, 901. Amendments to the law were made in 1854 and in 1866. Acts 1853-54, pp. 53, 55; Acts 1865-66, p. 35. As codified, the law provides for a summary dispossession of a tenant or lessee in three cases: first, where a tenant shall hold possession of lands and tenements over and beyond the term for which the same were rented or leased to him; second, if he shall fail to pay the rent when the same shall become due; and third, in case of a tenancy at will or by sufferance. On failure or refusal to deliver possession on demand, an oath may be made and summary proceedings had. Civil Code, § 4813.

The present case does not involve any tenancy at will or by sufferance. If the plaintiff is entitled to recover, it must be on one of the other two grounds. If a landlord bases his right to a summary recovery on non-payment of rent, as a statutory ground, the rent must remain unpaid when the proceeding is begun. An acceptance of rent after it is due will operate as a waiver of the right of summary dispossession for non-payment. The landlord can not accept the payment after the day when it is due and still proceed to dispossess his tenant under the statute, on the ground that it was not paid on such day. If the plaintiff sought to rest his case on this ground, the affidavit was insufficient in not alleging that the rent had not been paid, or showing a failure or refusal to pay when the affidavit was made.

If the proceeding should be considered as resting on the ground that the tenant was holding over beyond the term of his lease, in order to sustain this position it would be necessary to show that a forfeiture had occurred. His whole term extended for fourteen years; and unless there was a forfeiture, it had not expired. The claim that the plaintiff had a right to proceed by affidavit and warrant to dispossess must depend upon whether it was shown that the lease had terminated, by forfeiture, at the end of the year 1906. The contract did not provide for a termination of the lease by its own operation upon failure of the lessee to pay his rent, nor within some specified time after such failure, nor did it waive demand for rent as a condition of forfeiture. On this subject its language was

as follows: "Should the said J. H. Beacham fail to pay the rent as above stipulated or fail to perform the other covenants in this lease, then the said Holmes Conrad Jr. shall have the right to declare this lease terminated at the end of any year pending the same." No demand and refusal to pay rent when due was alleged.

Thus the plaintiff was not entitled to dispossess the tenant on the ground of non-payment of rent, because it did not appear that the rent was unpaid when the proceeding was begun; and he was not entitled to recover possession on the ground that the lease had been forfeited and become void at the end of the year 1906, because he did not show that he had taken the steps necessary to avoid it, and thus to place the tenant in the situation of one holding over beyond his lawful term. It will be observed, too, that the rent was payable in cotton to be delivered at such warehouse as might be designated by the landlord; and there was no allegation that any such designation was made. Accordingly the presiding judge did not err in dismissing the proceeding. No point was raised as to whether the mere allegation that the lessor, who retained the power of forfeiture, was the "grantor" of the plaintiff, was sufficient to show the existence of the power in the latter. .

2. In his order of dismissal the judge of the trial court recited that the plaintiff admitted that the defendant had paid the rent on October 22d, 1906, when the plaintiff told him that he (the plaintiff) declared the lease forfeited and would insist on the forfeiture as per the terms of the contract, although he took the rent, and that the plaintiff further admitted that he had not made any demand on the defendant for the payment of the rent before suing out the warrant, and that the defendant had not refused to pay such rent on demand. The sufficiency of pleadings must be determined by what they contain, not by what the plaintiff admits orally. The function of a demurrer or motion to dismiss is to test the sufficiency of the pleading; that of a motion for a nonsuit is to test the sufficiency of the evidence to sustain the pleading. On the hearing of a demurrer to the pleadings, or a motion in the nature of a demurrer, it is not proper practice to take into consideration oral admissions made by the plaintiff or his counsel. *Constitution Publishing Co.* v. *Stegall,* 97 *Ga.* 405 (24 S. E. 33); *Augusta & Savannah R. Co.* v. *Lark,* 97 *Ga.* 800 (25 S. E. 175); *Sasser* v. *Adkins,* 108 *Ga.* 228 (33 S. E. 881); *Pattillo* v. *Jones,*

113 *Ga.* 330, 333 (38 S. E. 745). While the admissions were not proper for consideration on a motion to dismiss the proceedings for defects appearing on the face of the affidavit, the dismissal was correct, regardless of them.

*Judgment affirmed. All the Justices concur, except Evans, P. J., disqualified.*