## 12207. BOWLING v. HATHCOCK.

1. Improper remarks by counsel, made before a jury has been stricken but in the hearing of those who have been summoned to serve as jurors, cannot be cause for a continuance. At most, there should merely be a postponement of the trial until other panels can be drawn from which to select a jury. *Thompson* v. *O'Connor*, 115 *Ga.* 120 (2) (41 S. E. 242). Under this ruling there is no merit in the contention that the court erred in refusing to *continue* this case because opposing counsel, before a jury was stricken, stated, in the presence and hearing of the court and of those summoned to serve as jurors, that he " would take the jury in the box " to try the case.

2. The complaint that the court erred in overruling the motion to strike that part of the plaintiffs' affidavit to evict that referred to the demand on the defendant for the possession of the premises in dispute, because it was not shown by the affidavit or the evidence that the demand was made for the purpose of cancelling the lease under which the defendant held the premises, is without merit. The affidavit was in the statutory form, and both the affidavit and the evidence showed a demand on the defendant for the possession of the premises, and that the defendant had refused the demand and had failed to pay the rent that was due. See, in this connection, *Talley* v. *Mitchell*, 138 *Ga.* 392 (75 S. E. 465). Furthermore, the defendant, in his counter-affidavit, having failed to deny that a demand was made for the possession of the premises, the demand was not put in issue, and will be presumed to have been made. *Hindman* v. *Raper*, 143 *Ga.* 643 (2) (85 S. E. 843), and citations.

3. The several excerpts from the charge of the court complained of contain no reversible error when considered in connection with the note of the trial judge and the charge as a whole.

4. The failure of the court to charge upon the subject of the burden of proof is not reversible error, in the absence of a timely written request for such an instruction. *Brooks* v. *Griffin*, 10 *Ga. App.* 497 (5)

(73 S. E. 752). Under this ruling there is no merit in the 6th ground of the motion for a new trial.

5. A lessee of premises from tenants in common must serve notice of his intention to quit or renew on all lessors.

6. The evidence amply authorized, if it did not demand, the verdict.

DECIDED MAY 12, 1921.

Eviction; from Fulton superior court — Judge Ellis. December 11, 1920.

*John H. Hudson, James & Bedgood, Norman I. Miller,* for plaintiff in error.

*Frank Carter, E. V. Carter Jr.,* contra.

BROYLES, C. J. We deem it advisable to discuss the matters dealt with in the last two headnotes. On June 25, 1920, E. M. & T. O. Hathcock sued out a dispossessory warrant against C. C. Bowling. The relation of the parties was that of landlord and tenant. The affidavit, which was the basis of the dispossessory warrant, alleged that the defendant had failed to pay the rent when due and was holding over beyond his term after a demand for possession of the premises in dispute. The defendant filed his counter-affidavit and denied that he was holding possession of the premises over and beyond his term, and alleged that he had paid or tendered all the rent due, and that he had substantially complied with all the terms of the lease under which he was holding the premises. The case was tried on the issues thus formed, and the plaintiffs recovered the premises, and $299 as double rent up to the date of the verdict. The defendant filed a motion for a new trial, which was overruled, and he excepted.

The evidence showed that the plaintiffs were tenants in common, and that the defendant was in possession of the premises under a lease which expired May 31, 1920, and which provided for the payment of rents in monthly installments and that the installments must be paid in advance, not later than the 6th day of the month, and that the defendant might renew the lease upon giving written notice 60 days before the expiration thereof. The plaintiffs contended that this notice was not legally given, since the notice was addressed to only one of the plaintiffs, whereas, to be binding, it should have been addressed to both. A lessee of premises from tenants in common must serve notice of his intention to quit or renew on all lessors. See 7 Ruling Case Law, § 68, p. 874, where it is said: "Relation of co-tenant is not of such a nature that notice served on one co-tenant binds the re-

maining co-tenant." See also, in this connection, 38 Cyc. 110, and numerous cases cited in footnote.

Upon the trial it was shown that, on March 4, 1920, the defendant wrote to T. O. Hathcock, one of the plaintiffs, the following letter: "I am enclosing you the March rent check $15. I hereby accept option to lease as per contract, the building at # 307 East South Main Street, College Park, Ga., and premises for the period and at the price under the conditions named in said contract. Please acknowledge receipt of this letter of acceptance." On March 13, 1920, T. O. Hathcock replied to this letter as follows: "I received your letter of March 4, 1920, some days ago, and have delayed answering same on account of sickness. I note what you say relative to accepting the option to extend the lease covering the contract now existing between yourself and E. M. Hathcock and myself, and as the letter is only addressed to me, I would be glad if you would address a joint letter to E. M. Hathcock and myself, notifying us of your intention to exercise your option for a four year contract, beginning June 1st, 1920, as provided for in our contract dated May 28, 1919." The defendant did not reply to this letter until May 6, 1920. On that date he wrote the following letter: "Messrs. E. M. & T. O. Hathcock, Atlanta, Ga. Gentlemen: In accordance with Judge T. O. Hathcock's suggestion, made some time ago, I hereby notify you jointly that I will avail myself of the option to lease your building and premises at Number 307 East South Main Street, College Park, Ga., as provided in our contract made last year on this subject. . . I had given Judge Hathcock previous notice to this effect individually, only because I understand while Mr. E. M. Hathcock is absent from the city Judge T. O. acts as his agent."

It will be observed from this correspondence that one of the plaintiffs, T. O. Hathcock, on March 13, 1920 (which left the defendant 18 days in which to comply with the terms of the lease as to the giving of the 60 days' notice), in plain terms requested the defendant to address a joint letter to E. M. & T. O. Hathcock, notifying them as to his intention to exercise his option for a new lease. Instead of promptly complying with this request, the defendant waited until May 6, 1920, at which time it was too late for him to comply with the provision of the lease, which expired May 31, 1920, requiring him to give 60 days' notice of

his intention to renew his lease of the property. Clearly, therefore, this evidence, viewed in the light of the principle of law already announced, that notice to one of two cotenants is not binding upon the other, demanded a finding that the defendant had failed to exercise his option to renew his lease on the property in question, unless it should be made to appear that T. O. Hathcock, to whom the defendant's first notice was addressed, was acting, under written or verbal authority, as the agent of his cotenant, or had been holding himself out as being authorized to so act. See, in this connection, *Sewell* v. *Holland,* 61 *Ga.* 608 (1), where it was held, that, " Where a tenant in common bargains away the whole property, not as his own in severalty, but ·as the joint property of himself and his cotenant, holding himself out as authorized to represent the latter in making the bargain, and the purchaser pays part or all of the price, and enters into possession, claiming under both tenants as his vendors, the cotenant is not ousted if he gave his fellow no authority, written or verbal, to make the bargain, and if he did not afterwards ratify by receiving part of the proceeds or otherwise. . . If, however, there was either authority or ratification, the result would be the same as if both tenants had in person taken part in the transaction, and the purchaser would be entitled to assert his purchase equally against both." On the question of agency it was held, in the case of *Bazemore* v. *Small,* 9 *Ga. App.* 29 (2) (70 S. E. 261), that " Whenever a general agency has been established for any purpose, all persons who have dealt with the agent have a right to assume that his authority to deal with them in behalf of his principal continues, until notice, express or implied, has been conveyed to them that the agency has been revoked." See also *Burch* v. *Americus Grocery Co.,* 125 *Ga.* 153 (53 S. E. 1008). Upon the trial in the instant case the evidence amply authorized a finding that T. O. Hathcock was not authorized to act as the agent of his cotenant in leasing the property in question, and that he did not so hold himself out to the world or to the defendant, but that on the contrary he gave the defendant specific and timely written notice that he had no authority to accept for his cotenant the notice that the defendant had accepted the option for a renewal of the lease to the premises in dispute.

Furthermore, the evidence authorized the jury to find that the

defendant had violated his contract as to the payment of rent, which was to be paid on or before the 6th day of each month. While it is true that the defendant had on several occasions paid his rent later than the 6th of the month, T. O. Hathcock testified that he objected on these occasions and requested the defendant to comply with the contract in sending the rent not later than the 6th day of each month. And the undisputed evidence showed that the check for the rent for the month of May, 1920, was enclosed in a letter which was mailed in the College Park post-office (College Park being the residence of the defendant) on May 8, 1920.

It follows from what has been said that the verdict was amply authorized by the evidence, and that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*