## 12400. MAHONEY *v.* McKENZIE.

1. In a motion to dismiss the writ of error in this case it is alleged that the premises involved in the controversy have been vacated by the tenant, and that, therefore, the questions involved in the case have become moot. As the pleadings do not show that the premises have been vacated by the tenant, and as there is no legal evidence to this effect, and as the questions involved would still not be moot even if the premises were vacated, the motion to dismiss will not be sustained.

2. A landlord is not entitled to a dispossessory warrant for failure to pay rent on a day named, where strict adherence to the terms of the lease contract have been waived by the landlord and no demand has been made for the rent on the day named or at any other time, and the rent is tendered to the landlord before the commencement of the dispossessory warrant proceeding.

DECIDED JUNE 17, 1921.

Certiorari; from Fulton superior court — Judge Ellis. January 24, 1921.

Application for certiorari was denied by the Supreme Court.

On November 26, 1919, Mahoney leased from McKenzie an apartment in Atlanta, for a term beginning on the completion of the building and ending on August 31, 1921, for a specified rental payable on the first of each month in advance at the office of the agent of the landlord named in the lease. The building was completed about February 1, 1920, and the tenant went into possession of the premises sometime in February. The lease contained the following provision: "Fifth. The prompt payment of the rent for said premises upon the dates above named, and the faithful observance of the rules and regulations printed upon this lease, and which are hereby made a part of this covenant, and of such other and further rules or regulations as may be hereafter made by the lessor, are the conditions upon which the lease is made and accepted; and any failure upon the part of the lessee to comply with the terms of said lease or any of said rules and regulations now in existence, or which may be hereafter prescribed by the lessor, shall at its option work a forfeit of this contract and of all of the rights of the lease thereunder; and thereupon the lessor, its agents or attorneys, shall have the right to re-enter said premises and remove all persons therefrom forcibly or otherwise; and the lessee hereby expressly waives any and all notice required by law to terminate tenancy, and also waives any and all legal proceedings to recover possession of said premises, and expressly agrees that a violation of any of the terms of this lease or of said rules and regulations now in existence, or which may hereafter be made, said lessor, its agents or attorneys, may immediately re-enter said premises and dispossess lessee without legal notice or the institution of any legal proceedings whatsoever." The rent for the various months from February up to and including the month of September were paid anywhere between the second and the fourteenth of each month. On September 2, the landlord sent the tenant a

letter, inclosing a new rule and made a part of the lease, requiring tenants to prohibit their children from throwing balls, etc., at or near the building and containing very numerous other provisions and restrictions relating to the conduct of children. The letter asked that this rule, as well as other provisions of the lease, should be strictly adhered to, as the landlord stated that he expected from that day forth to hold the tenant absolutely to the letter of his lease. The tenant replied to this letter, under date of September 3, acknowledging receipt of the new rule and stating that he had no desire to avoid compliance with the terms of the lease. On September 8 the agents of the landlord wrote to the tenant that his check for the rent for September was received on that date, but that they were accepting it upon the conditions set out in the landlord's letter of September 2. The tenant testified on the trial of the case that in his letter of September 3 he did not have reference to the payment of the rent on the first day of the month, but referred to the rules about which the landlord wrote on September 2. The landlord testified that notice of the rent being due was placed by him personally in the mail-box of the tenant, outside the door of the tenant's apartment, on the last day of September. The tenant testified that no such notice was ever received by him, or any other notice of any kind as to the rent being due. On October 4 an agent of the landlord notified the tenant that the lease was declared forfeited on that day by the failure of the tenant to comply with the provisions of paragraph 5, quoted above, for the non-payment of the rent on the first day of each month in accordance with the provisions of the contract. The tenant thereupon promptly, on that day, sent a check to the agents of the landlord authorized to collect the rent under the lease, and the check was delivered at the office of this agent forty minutes after the demand for possession of the premises had been made on the tenant. On the following day the check was returned to the tenant by an agent of the landlord and an affidavit was made by this agent before the clerk of the municipal court of Atlanta, for the issuance of a dispossessory warrant, on the grounds " that the said tenant fails to pay the rent due on said house and premises or that the said tenant is holding said house and premises over and beyond the term for which the same were rented to him," and the dispossessory warrant was issued thereon. The tenant filed a coun-

ter-affidavit stating that the term of rent had not expired, and that he was not holding over and beyond his term, and gave bond as required by law. The case was tried in the municipal court of Atlanta and judgment was rendered in favor of the landlord. A writ of certiorari was sued out to the superior court, the court overruled the certiorari, and the defendant excepted.

A motion to dismiss the writ of error was made by counsel for the defendant in error, on the ground that the questions therein involved had become moot because the plaintiff in error surrendered the premises in dispute to the defendant in error on November 30, 1920. A letter from the tenant to the landlord, dated November 23, 1920, stating that the tenant would surrender possession of the premises on November 30, 1920, was attached to the motion.

*Frank A. Hooper & Son,* for plaintiff in error.

*McElreath & Scott,* contra.

HILL, J. (After stating the foregoing facts.)

1. It is alleged in the motion to dismiss the writ of error that the questions involved have become moot, since the plaintiff in error has surrendered the premises in dispute, and there is attached to the motion, as proof of this statement, a letter from the tenant to the landlord, stating that he would surrender the premises upon a later date mentioned therein; but there is no other evidence as to whether the tenant has surrendered the premises or not. The pleadings in this case do not show that the premises have been vacated by the tenant, nor is there any legal evidence before this court to this effect. Neither would the questions involved be moot even if the tenant has removed from the premises. The question as to double rent, under the statute, from the date of the demand for possession of the premises would still he involved.

2. As has been frequently held by the courts of last resort in this State, forfeitures are not favored. And in cases of doubt, in contests between landlords and tenants, the issue will be resolved in favor of the tenant. The lease contract in this case contained many extremely stringent provisions for the protection of the landlord, and but very few for the protection of the tenant. The lease provided that the rent should be paid on the first day of each month in advance at the office of the agent of the landlord. This provision for the payment of the rent had been waived each month for seven

months of the tenancy prior to the issuance of the dispossessory warrant. It is true that the tenant was notified in September that he would be held to strict compliance with all the provisions of the lease from the date of the notice. And yet the landlord appears to have again waived this provision, for he testified that he personally placed a notice of the rent being due in the mail-box of the tenant the last day of September. In other words, it appears that the landlord did not rely upon the terms of the lease, but endeavored to demand the rent due. The tenant testified that the notice mentioned was not received by him, or any other notice until the 4th of October, when possession of the premises was demanded by the agent of the landlord. The common law required that a demand for the rent should by made on the day that it was due, and should be before sundown of that day, and, if no place was named by the lease for the payment of the rent, then the demand should be made on the land and at the most notorious place thereon, this being the front door of the dwelling house if there is one. Tiffany's Landlord & Tenant, 1377, 1757; Jones on Landlord and Tenant, § 503. "Where by the terms of a lease rent is payable on a day certain in order to create a forfeiture, it must be demanded on the premises and on the day prefixed." Jones v. Reed, 15 N. H. 68. According to the tenant's testimony, the first notice he received was a demand for the possession of the premises by the agent of the landlord on the 4th day of October. He promptly sent a check for the rent to the office of the landlord's agent authorized by the terms of the lease to collect the same. This check was refused and returned to the tenant the following day, on which day the dispossessory warrant proceedings were taken out. No question is raised as to the sufficiency of the tender of the rent thus made by the tenant. The landlord waived his right of re-entry, provided for in the terms of the lease, and adopted instead the methods prescribed for dispossessory warrant proceedings, as provided by §§ 5385 et seq. of the Civil Code of 1910. The affidavit for the issuance thereof contained the statement that the rent was then due. As a matter of fact the rent due had been tendered the agent of the landlord authorized to collect the same, and had been refused at that time.

" Where the record in such case shows that before the commencement of the suit the lessee tendered the amount paid by the lessors

for taxes, etc., (a failure to pay such amounts being stipulated as a ground for forfeiture, as is non-payment of rent), held, that the lessee thereby complied with the terms of the lease." Burns v. McCubbin, 3 Kán. 221 (87 Am. D. 468). It appears that it was not so much for the failure of the tenant to pay the rent on the first of the month that the dispossessory warrant proceedings were instituted. Possibly it may have been that the premises could be rented again at that time for an increased rental. No question was raised as to the tenant's ability to pay the rent or his financial responsibility for his obligations. Nor had the terms for which the premises had been rented expired. We do not think that dispossessory warrant proceedings can be used arbitrarily and summarily by a landlord for the purpose of ousting a tenant and securing possession of premises without good cause. They were intended for landlords honestly and justly entitled to the relief sought therein and proceeding in good faith. The provisions of the lease having been waived by the landlord, the tenant was entitled to a demand for the rent due, and, the evidence showing that no such demand was made and that the rent due had been tendered before the affidavit was made for the issuance of the dispossessory warrant, we think the court erred in overruling the certiorari. *Parker* v. *Gortatowsky,* 129 *Ga.* 623 (59 S. E. 286); *Hicks* v. *Beacham,* 131 *Ga.* 89 (62 S. E. 45).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*