### 31119. FIDELITY TRUST COMPANY *v.* PRICE.

■

DECIDED FEBRUARY 2, 1946.

■

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins,* for plaintiff.

*Richard T. Nesbitt,* for defendant.

PARKER, J. This is a dispossessory-warrant proceeding brought by Fidelity Trust Company against R. V. Price, in the civil court of Fulton County, based on the alleged nonpayment of rent. The case was tried without a jury and upon a stipulation of facts, from which it appeared: "That the defendant is in possession of an apartment in this county under a written lease for one year, the tenure beginning on September 1, 1944, and ending on the 31st day of August, 1945; the agreed monthly rental being $37.50, payable on the first day of each month during the term. On April 13, 1945, the same plaintiff instituted a previous dispossessory-warrant proceeding against the same defendant in this court, upon the contention that the tenant was holding possession over and beyond the term of his lease (plaintiff contending that defendant had breached his lease by creating a nuisance); that case was No. 79694. To that action the defendant filed his counter-affidavit and bond in which he denied that he was holding over and specif-

ically pleaded a continuing tender of the rent. That case resulted in a verdict and judgment for the defendant on May 10, 1945. An oral motion for new trial, which was regularly made, was over-ruled on May 28, 1945, to which judgment no exception was taken."

The agreed statement of facts showed also that the defendant tendered the rent on April 15, 1945, for the period ending on April 30; and tendered the rent on April 30, for the period ending on May 31; and again tendered the rent on May 31, for the period ending June 30, all of which tenders were refused by the plaintiff, who instituted the proceedings on June 7, 1945. It seems to have been conceded that the defendant did not have to tender the rent, and that the plaintiff could not have accepted the rent during the pendency of the former action without waiving its right to maintain that action. But the plaintiff contends that the defendant should have paid all accrued rent on May 28, 1945, the date on which the first action was finally terminated, and that, because the defendant failed to do so, the plaintiff could declare the lease at an end. The sole issue here is whether the final tender of the rent, made three days after the termination of the former action, but before the institution of these dispossessory proceedings, was of such delinquent nature as to justify a refusal to accept on the part of the plaintiff.

The plaintiff's right to prevail in this case depends upon the soundness of its contention that the failure of the defendant to pay the rent on May 28, the day the motion for a new trial in the first case was overruled, was a breach of the rental contract and placed the defendant in default. We cannot agree with this contention. The record shows that the tenders made in April and May were continuing ones. The continuing tender made on April 30, for the period ending on May 31, was in effect on May 28 when the first suit terminated, and it was still in effect on May 31 when the final tender was made. It was the privilege of the plaintiff to claim the money tendered as rent on April 30, when the first suit ended on May 28, as all accumulated rents were available to the plaintiff on that day. A tender of payment being the equivalent of payment, as held by this court in *Life & Casualty Insurance Co.* v. *Jordan, 69 Ga. App.* 287, 298 (25 S. E. 2d, 103), the defendant could not have been in default on his

rents before June 1, when another month began; and on May 31 he again tendered the rent already due and the rent for the month of June in advance as provided by the lease. When the first suit ended, the parties were still under their lease, and the tender of the rent for June on May 31 was in ample time. Therefore the defendant was not in arrears when the dispossessory warrant was sued out by the plaintiff.

The plaintiff relies on the cases of *Cunningham* v. *Moore,* 60 *Ga. App.* 850 (5 S. E. 2d, 71), and *Bowling* v. *Hathcock,* 27 *Ga. App.* 67 (107 S. E. 384), as authority for the proposition that the defendant should have actually paid the rent unpaid on May 28. These cases do not sustain that contention. In the *Cunningham* case the tenant had been notified by the landlord that in the future he would expect payment of the rent on the day when it was due. After such notice had been given to the tenant, he failed on July 1 to pay the rent due on that date. When the attorney for the landlord wrote the tenant on July 4, demanding possession of the premises, the tenant on the following day mailed a check for the rent. This check was returned immediately and before the dispossessory warrant was issued on July 7. Under those facts this court held that the tender of the rent was not the equivalent of payment, and that the tenant was in default and could be dispossessed. The *Cunningham* case states (p. 854) that its facts are similar to those in *Bowling* v. *Hathcock,* supra. In fact, the *Cunningham* case is controlled by the *Bowling* decision.

We think that the continuing tender of the rent, made by the defendant during the pendency of the first action, together with the final tender of all rent past due and the rent for the next succeeding month, which did not begin until the day following the tender, was sufficient as a matter of law to prevent a default on the part of the tenant in the payment of the rent. For these reasons the judgment finding in favor of the defendant was correct and is

*Affirmed. Sutton, P. J., and Felton, J., concur.*