31395. HAYNIE *v.* MURRAY *et al.*

DECIDED SEPTEMBER 21, 1946.

*Nathan Jolles,* for plaintiff in error.

*Hull, Barrett, Willingham & Towill,* contra.

SUTTON, P. J. (After stating the foregoing facts.) It appears that the defendant was in possession of the premises under the terms of a written lease executed by a former owner of the premises, which lease provided that the rent was payable in advance on the first day of each month and that upon failure of the defendant to comply with the obligations of the lease the owner might, at his option, declare the lease terminated and take possession of the premises. It was admitted that the rent for May, 1946, was not paid by the defendant on May 1, and that it was still unpaid at the time of the issuance of the dispossessory warrant. The defendant contended that he had been accustomed to paying his rent subsequently to the time specified in the lease and that his tender on May 3, which was after he had been notified by the plaintiffs that they demanded possession of the premises for non-payment of the rent but before the issuance of the dispossessory warrant, was equivalent to payment of the rent, under the facts of this case.

It appears from the evidence that immediately after the plaintiffs purchased the property on March 7, 1946, they directed the rental agent to notify the defendant that they would insist upon a compliance with the terms of the lease, which required payment of the rent in advance on the first day of each month, and that the rental agent so notified the defendant. It further appears that when the defendant failed to pay the rent for April, on the first day of that month, the plaintiffs notified the defendant that they insisted that he comply with the terms of the lease contract

and pay the rent in advance on the first day of each month.

Irrespective of whether or not the acceptance of the rent by the previous owner on dates subsequent to that expressed in the lease contract was such a departure from the contract as would prevent the plaintiffs from relying on the letter of the contract without first notifying the defendant of their intention to do so, the notices given to the defendant by the rental agent and by the plaintiffs, that the plaintiffs had purchased the property from the former owner and would insist upon strict compliance with the provisions of the lease with reference to payment of the rent in advance on the first, day of each month, were sufficient to authorize the plaintiffs to require the defendant to comply with the terms of the lease contract with reference to payment of the rent in advance on the first day of each month. Code, § 20-116; *Strand Amusement Co.* v. *Ferrell,* 29 *Ga. App.* 456 (115 S. E. 920). Moreover, whether or not there has been such a mutual disregard of the terms of a written contract as to constitute such departure a quasi new contract, is ordinarily a question of fact for the jury. See *Mauldin* v. *Gainey,* 15 *Ga. App.* 353 (83 S. E. 276); *Craig* v. *Craig,* 53 *Ga. App.* 632, 635 (186 S. E. 755). Under the evidence of this case, including the conduct and statements of the parties, we can not say, as a matter of law, that there was no evidence to support the finding of the jury, that the plaintiffs had the right to require the defendant to comply with the provisions of the lease which provided for payment of the rent in advance on the first day of each month.

It is admitted in the present case that the rent for the month of May was due and unpaid at the time the affidavit was made and the dispossessory warrant was issued and served. The plaintiffs had refused to accept payment of the rent when tendered to them after the time specified for payment in the rent contract. "Tender is, of course, ordinarily equivalent to payment; but this principle can have no application where a condition of the contract is that payment must be made in advance on the first of each month, and where tender is not made in time. A party to a legal contract has the right to insist upon its terms; and in refusing to accept the past-due rent the landlord here was clearly within his rights, and the rent remained unpaid. In these circumstances the tenants were holding over, and the landlord had the right of immediate

re-entry and dispossession." *Cunningham* v. *Moore,* 60 *Ga. App.* 850, 853 (5 S. E. 2d, 71). Also, see *Bowling* v. *Hathcock,* 27 *Ga. App.* 67 (102 S. E. 384); *Huff* v. *Markham,* 70 *Ga.* 284 (2); *Clifford* v. *Gressinger,* 96 *Ga.* 789 (22 S. E. 399); *Hicks* v. *Beacham,* 131 *Ga.* 89 (62 S. E. 45); *Carter* v. *Sutton,* 147 *Ga.* 496 (94 S. E. 760); Code, §§ 61-301 et seq. The plaintiffs, as successors in title from the original landlord during the term of the tenant, had the same right to dispossess the tenant for non-payment of rent when due that the original landlord had. *Willis* v. *Harrell,* 118 *Ga.* 906 (6) (45 S. E. 794); *Veal* v. *Jenkins,* 58 *Ga. App.* 4 (2) (197 S. E. 328).

The cases cited and relied on by the plaintiff in error are clearly distinguishable on their facts from the present case and the rulings made in those cases do not authorize or require a different ruling in this case from the one herein made. The rulings made in *Hicks* v. *Beacham,* supra, and *Mahoney* v. *McKenzie,* 27 *Ga. App.* 245 (107 S. E. 775), in so far as applicable to the issues involved in this case, are fully discussed and explained in *Cunningham* v. *Moore,* supra.

The verdict is supported by evidence and has the approval of the trial judge; and the judge did not err in overruling the motion for a new trial based only on the general grounds.

It not appearing that the writ of error was prosecuted for the purpose of delay only, the court denies the prayer of the defendants for the assessment of damages. Code, § 6-1801; *City Council of Augusta* v. *King,* 54 *Ga. App.* 111 (3) (187 S. E. 268).

*Judgment affirmed. Felton and Parker, JJ., concur.*