Bonaud *vs.* Genesi.

A. BONAUD, plaintiff in error, *vs.* C. GENESI, defendant in error.

1. The holder of a promissory note as collateral security, who takes it without notice, stands upon the same footing as any other innocent purchaser without notice.
2. It is only when the Judge of the Superior Court has committed some error of law, or has abused his discretion in judging of the facts, that this Court will interfere with his judgment in refusing or granting a temporary injunction.

Promissory Notes. Collaterals. Injunction. Before Judge CLARK. Macon County. February, 1871.

Bonaud alleged as follows: He and C. Genesi, of New York, were partners in Savannah, Georgia, dealing in guano, etc., under the firm name of " C. Genesi." For the use of the firm, he contracted debts, in borrowing money, etc., which the firm used. The firm sold largely and took paper, payable to the order of C. Genesi, which Genesi gave him a power of attorney to collect and apply to the payment of the firm debts, the claims all being in the hands of the firm's agents in Georgia. Genesi has pretended to transfer said papers to Goodkind & Brother, Moore *et al.*, of New York. The firm debts are unpaid, the firm is sued on some of them, and judgments are rendered which bind all the firm assets and all Bonaud's property. The transfers are but colorable, Genesi has no property in Georgia. He prayed that any disposition of said papers inconsistent with his rights be enjoined. Temporary injunction was granted. Genesi answered, denying that he ever was Bonaud's partner, explaining how they were connected in business, saying he paid Bonaud to act for him as his agent only, etc. And he and said transferees answered, that he sold some of the paper to some of them, in due course of trade, as his own, for value, and, in some way, transferred other of said paper as collateral for his obligations, and that these transferees had no knowledge that anybody but Genesi had any interest in said paper.

Upon the coming in of these answers defendants moved to dissolve the injunction. On the hearing, many affidavits and letters were introduced to sustain the charges in the bill. The Chancellor dissolved the injunction, and that is assigned as error.

P. COOK; N. A. SMITH, for plaintiff in error. As to dissolution of injunctions: 12 Ga. R., 5; R. M. Charlton's R., 358; 34 Ga. R., 135, 289. As to purchasers without notice: R. Code, sec. 1903.

NESBIT & JACKSON; HAWKINS & BURKE, for defendants.

McCAY, J.

By the answers of these defendants, Brown is the actual purchaser of the drafts, *bona fide*, and without notice. The Goodkinds are the holders, as collateral security. If innocent holders, they stand, by section 2746 of the Revised Code, on the same footing as any other innocent purchasers. If they have given credit on them, put themselves under new obligations, by virtue of their receipt, they are protected.

Taking all these answers and affidavits together, we are not prepared to say that the Judge has abused his discretion in refusing this injunction. The most that can be said for the complainant is, that he has gotten a case of suspicion against the claimants to these drafts. If they tell the truth, they are innocent purchasers without notice. The complainant's case turns almost entirely upon the suspicion of untruth he has undertaken to cast upon the answers. We do not say that he has been entirely unsuccessful in this effort. Indeed, if the Judge had granted the injunction, we are inclined to think we would not have disturbed his judgment. But, as he has refused it, we will not disturb that either.

The granting or refusing an injunction is in the wise discretion of the Chancellor. His judgment is not error unless he acts illegally. This Court, as we have said in many cases,

is not a Court of appeals, to re-hear questions of fact, and judge of them *de novo*. It is only when the Court below acts illegally that this Court will reverse the judgment.

We desire to say that, in the granting and refusing injunctions, until the hearing, the Judge of the Superior Court is clothed, by the law, with a discretion. If this Court undertakes to reverse his judgment simply because we think the burden of the case is, on the facts, against his judgment, we should be ourselves assuming an original jurisdiction, not granted to this Court. The Judges of the Superior Court should be careful in these matters; examine, patiently and cautiously the facts, and act with deliberation and wisdom. We will always assume they have so done, and will not disturb the judgment on the facts, except in a clear case of mistake, misapprehension, or error of law.

Judgment affirmed.