### 26700. VEAL v. JENKINS.

BROYLES, C. J. 1. In all cases where a tenant holding possession of land shall fail to pay the rent when it becomes due, the landlord is afforded a summary remedy for his eviction. "Non-payment of the rent is the

gist of the landlord's cause of complaint, and eviction of the tenant from the premises is the object of the remedy." Code, § 61-301; *Carter* v. *Sutton*, 147 *Ga*. 496 (94 S. E. 760), and cit.

2. A purchaser of land from a landlord during the term of the tenant has the same right to dispossess the tenant that the landlord had. *Willis* v. *Harrell*, 118 *Ga*. 906 (6) (45 S. E. 794).

3. "A holder in due course holds the instrument free from any defect of title to prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon." Code, § 14-507. The holder of any instrument as collateral security, who takes it without notice, stands upon the same footing as any other innocent purchaser without notice. *Bonaud* v. *Genesi*, 42 *Ga*. 639.

4. "'A purchaser of a negotiable note, although with notice of an equity between the maker and the original payee, is protected in his title, if he purchases the note from one who previously purchased it from the original payee without notice of any infirmity in the note.'" *Josey* v. *George*, 39 *Ga. App.* 120 (146 S. E. 506), and cit.

5. All transfers and assignments of rent notes, secured either by contract lien or out of which a lien springs by operation of law, shall be sufficiently technical and valid where such transfer or assignment plainly seeks to pass the title to such paper in writing from one person to another (Code, § 67-1706), and, upon a transfer or assignment of such a rent note, such transfer or assignment shall carry, together with the title thereof, to the transferee or assignee, the lien connected therewith, without naming or specifically transferring the lien, so that the effect of such transfer or assignment shall be to completely carry the lien as a necessary incident thereof. Code, § 67-1707.

6. Where the tenant fails to pay the rent when it becomes due and refuses, on demand of his landlord, to deliver possession of the premises, and a dispossessory warrant is issued and served upon the tenant; and where the tenant files a proper counter-affidavit and bond; and where the issue thus raised is determined against the tenant, judgment should be given against him for double the rent stipulated to be paid; and the landlord shall have a writ of possession, and shall be placed in full possession of the premises. Code, § 61-305.

7. "'The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all the legitimate inferences therefrom, the verdict against him is demanded.'" *Massey* v. *Rothschild*, 33 *Ga. App.* 143 (125 S. E. 771), and cit.

8. Under the foregoing authorities and the facts of the instant case, a directed verdict for the plaintiff landlord was not erroneous; and the plaintiff, by leave of the court, having amended the verdict by striking therefrom the sum of $100 for rent for the years 1935 and 1936, the judgment of the court based on the amended verdict was not error for any reason assigned.

9. It not satisfactorily appearing to this court that the prosecution of the

writ of error was for the purpose of delay only, the request of the defendant in error that damages be awarded against the plaintiff in error is denied.   *Judgment affirmed.   MacIntyre and Guerry, JJ., concur.*

DECIDED MAY 20, 1938.

*E. L. Rowland, Francis F. Shurling,* for plaintiff in error. *Claxton & Claxton,* contra.