**GLENS FALLS INDEMNITY COMPANY,**
Appellant,

v.

Mrs. Cornie ROBERSON et vir, Appellees.

No. 5110.

Court of Civil Appeals of Texas.

El Paso.

June 22, 1955.

Brundidge, Fountain, Elliott & Bateman, Dallas, for appellant.

John P. Dennison, Pecos, for appellees.

HAMILTON, Chief Justice.

This is an appeal of the Glens Falls Indemnity Company, appellant, from a judgment of the trial court below, wherein Mrs. Cornie Roberson, appellee herein, was awarded judgment of $10,000 on an alleged preliminary contract of temporary insurance.

Appellant contends that the court was in error in construing the application sued on as a preliminary contract for temporary insurance, and in holding that the local agent of appellant was clothed with apparent authority to bind appellant on a preliminary contract for temporary insurance, and in entering said judgment based on such finding.

The facts in the case are all undisputed. On the 13th day of March, 1953, William Jennings Biggs went to the office of F. H. Ryan, an authorized agent of the Glens Falls Indemnity Company, for the purpose of purchasing health and accident insurance. The said F. H. Ryan, using one of the printed forms furnished by the Glens Falls Indemnity Company for the purpose, filled out said printed form in his own handwriting for the said William Jennings Biggs, said form having printed thereon "Application to Glens Falls Indemnity Company." Using the rate book

furnished by said Glens Falls Indemnity Company the said F. H. Ryan classified the risk and indicated the amount of premium. The annual premium was noted to be $134.05, which was to be payable as indicated by the application in quarterly payments. The said William Jennings Biggs gave F. H. Ryan his check for $35.29, which was deposited by Ryan in his personal bank account. On March 15, 1953, the said William Jennings Biggs was accidentally killed as a result of being asphyxiated by poisonous gas while performing his duty as an oil well driller. Said application had been mailed by Ryan to Trezevant & Cochran, State Manager in Texas for Glens Falls Indemnity Company, at its office in Dallas, Texas, and was received by said Company on March 16, 1953. Before said mail was opened, Trezevant & Cochran received a telephone call from Ryan advising them of the death of the said William Jennings Biggs, whereupon the application was returned to F. H. Ryan by Trezevant & Cochran, who had refused to issue the policy thereon.

On the 3rd day of April, 1953, F. H. Ryan mailed his check for $35.29 to the Administrator of the Estate of William Jennings Biggs.

The appellee, Mrs. Cornie Roberson, who was designated in the application as beneficiary under the policy to be issued, in case of the death of said Biggs, brought suit against the Glens Falls Indemnity Company on the application, contending that it was a contract of temporary insurance pending acceptance of the application.

It is unnecessary to set out the full application herein, but we will refer to the pertinent parts of said application. At the top of the application is the heading:

"Accident and Health Department— Glens Falls Indemnity Company, Glens Falls, New York."

Underneath this is a sub-heading:
"Accident Coverage."

Under which is the following:

| Amount | | Premium |
|---|---|---|
| $35.00 Wkly .... | Total Disability | $9.25 |
| $14.00 Wkly .... | Partial Disability | |

| | | |
|---|---|---|
| $500.00 ............ Blanket Medical | 38.00 | |
| $5000 Principal Sum | 23.25 | |
| $5000 Capital Sum | | |
| Special Benefits ....Yes ( ) No ( ) | | |
| Double Indemnity ..Yes (v) No ( ) | 2.45 | |
| Specified Medical ..Yes (v) No ( ) | 5.60 | |

Waiting period 0 Weeks."

Below the accident coverage data is the following:
"Effective date 3/13/53"

Further down in the body of the application is the following:
"To whom shall the policy and any accrued benefits thereunder be payable in case of death?

"Name of beneficiary Mrs. Cornie Roberson."

At the bottom of the application is said:
"Policy applied for this 13 day of March, 1953."

"(Sgd) William Jennings Biggs."

"Agent's Statement
The above answers are exactly as made made by the applicant. I personally solicited and recommend this risk.
"(Sgd) F. H. Ryan, Agent."

The uncontradicted evidence was that F. H. Ryan as agent had no actual authority to issue a policy of insurance, or bind the company on a contract of temporary insurance, and it was so found. The court found that by the company furnishing the agent the blanks and the rate book and giving him authority to take applications for insurance that the appellant had clothed the agent with apparent authority to bind the company on a contract for temporary insurance. We cannot agree with the trial court in this holding. The evidence on which the court made such a finding is not sufficient, in the absence of a showing that said agent had been in the habit of exercising such authority, and the company had been recognizing his exercise of such authority. The evidence in this case shows this was the first application the agent Ryan had ever written for this company.

Even had the company clothed this agent with apparent authority to bind it for temporary insurance we would be compelled to hold that the application does not constitute a contract of insurance, temporary or otherwise. Nowhere in the application is there any statement from which it could be interpreted that it was intended that the application constituted a present contract of insurance intended to protect the applicant pending the acceptance of the risk and the issuance of the policy by appellant. It must be pointed out that the appellee is not relying in any manner whatsoever on the terms of the policy that would have been issued had the application been accepted, but she is relying solely on the terms of this application, which it will be noted did not even provide for what the $5,000 principal sum is payable. Nothing is said whether it is payable on death, natural or accidental. Nothing in the application indicates under what conditions the double indemnity was payable. It will be further noted that the appellee, Mrs. Cornie Roberson, is named beneficiary to whom *policy* and any accrued benefits *thereunder* are payable in case of death, which policy of course was never issued. There is nothing to indicate that she is the beneficiary under this application if it be a contract of temporary insurance.

Appellee contends that because the application contained "effective date 3/13/53", and for that reason only, that this application became a contract of temporary insurance. Here the reasoning is that it would be unfair and against public policy to require applicant to pay premium for a time between said effective date and the date of the acceptance of the application and issuance of the policy, during which time of course the applicant would not be covered. Chief Justice Hickman, in Southland Life Insurance Co. v. Vela, 147 Tex. 478, 217 S.W.2d 660, 663, has said otherwise:

> "No public policy is violated by a contract between an insurance company and an insured where premiums are to be paid from the effective date of the policy rather than the date of its delivery, even though the effect thereof is to charge a premium for a period when the insured has no protection."

Appellee relies, to support her contention, on the cases of Colorado Life Ins. Co. v. Teague, Tex.Civ.App., 117 S.W.2d 849, 855, and Government Employees Ins. Co. v. Hanna, Tex.Civ.App., 219 S.W.2d 122. Both of these cases involved situations where the insurance company clearly undertook to provide for temporary coverage, one from date of payment of premium and the other from date of postmark of mailing application. They are not in point here.

We have not, in our holding, said that a contract of temporary insurance cannot be entered into—we have merely said that this application before us does not so provide.

The judgment of the trial court is reversed, and judgment rendered for the appellant.