**FORD, BACON & DAVIS, INCORPORATED, Appellant,**

v.

**L. S. TORRANCE, Jr., Appellee.**

**No. 3815.**

Court of Civil Appeals of Texas. Waco.

Aug. 17, 1961.

Rehearing Denied Sept. 14, 1961.

P. M. Johnston, Waco, for appellant.

W. E. Cureton, Waco, for appellee.

WILSON, Justice.

Defendant appeals from a judgment in which the court determined it entered into an oral contract to employ plaintiff for one year and wrongfully discharged him. No separate findings or conclusions were filed.

Although other points are presented, the case turns on defendant's contention that there is insufficient evidence, or none, to support the implied finding that its assistant right-of-way supervisor had apparent authority to employ plaintiff as the trial court determined.

Defendant was engaged in constructing a pipeline. On June 22, 1959 its right-of-way supervisor employed plaintiff on a monthly basis to investigate titles and ascertain ownership of right-of-way to be acquired for the pipeline. At that time he was told that when the title work was completed he would continue to work as right-of-way purchasing agent. No fixed term of employment was then specified. Plaintiff reported for work on the following day to the assistant supervisor, Scudder, who gave detailed instructions and assigned plaintiff an area. Thereafter Scudder re-assigned other areas. The title work was completed in December, 1959, and plaintiff commenced purchasing duties. He testified that in January, 1960 he had an offer of other employment which led him to inquire of Scudder as to his future, and, as the court found, then entered into the one-year employment agreement with Scudder. Two weeks later this assistant supervisor notified him his employment was terminated.

To charge the principal through apparent authority of the agent, plaintiff was required to "prove such conduct on the part of the principal as would lead a reasonably prudent person, using diligence and discretion, to suppose that the agent has the authority he purports to exercise." Chastain v. Cooper & Reed, 152 Tex. 322, 257 S.W.2d 422, 427. To discharge this burden plaintiff introduced evidence that when he was reassigned, Scudder "called me in and told me that I would hereafter be able to stay at home, but my salary would not be cut; that it would mean a raise in pay, actually, because I would still have my per diem"; that only Scudder had given him his instructions; that Scudder alone employed another man from Dallas in a similar capacity. Another former employee in the department testified that he was employed and discharged by Scudder.

Although the conduct and declarations of the alleged agent alone, if unknown and unratified, are not sufficient, plaintiff also showed that after other departmental employees had made written application for employment, Scudder told the supervisor, "These are the ones I have hired." One employee testified Scudder hired him while he filled out an application blank. Plaintiff testified that Scudder notified him he was discharged; that the supervisor was not aware of the fact, "acted very surprised, and said, 'Well, that's pipelining.'"

Defendant's project manager and Scudder testified that the latter had no actual authority to make the contract found by the court. In Collins v. Cooper, 65 Tex. 460,

466, Justice Stayton said, "If one, with notice that his agent assumes to have and to exercise a given power as agent, which he really has not, permits him to hold himself out as his agent clothed with such power, then he will be as fully bound by the act of the agent as though he had the power, in so far as third persons, who rely upon the apparent power, are concerned."

Defendant's counsel ably and persuasively urges that plaintiff's original written application for employment was approved by the project manager. Other impelling evidence is pointed to which would also support a contrary finding. We believe, however, that the evidence narrated, with other circumstances and reasonable inferences therefrom, when considered with the entire record, must be held adequate to support the finding as to apparent authority. All of appellant's points have been considered carefully and are overruled.

Affirmed.