42579.   FINANCE COMPANY OF AMERICA v. WILSON.

DEEN, Judge.   Under the Uniform Commercial Code a holder takes commercial paper for value to the extent that he acquires a security interest therein (*Code Ann.* § 109A-3—

303(a)) or takes it as security for an antecedent claim; and is a holder in due course where he takes the paper for value, in good faith, and without notice that it is overdue, has been dishonored, or is subject to the claim or defense of another person (*Code Ann.* § 109A-3—302(1)). On motion for summary judgment in this case the plaintiff brought suit against the defendant Wilson for the unpaid balance on a promissory note regular on its face, signed by Wilson and made payable to the Citizens Bank, endorsed by the bank to Stockbridge Investment Corporation and by the latter to the plaintiff, the uncontroverted affidavit attached to the motion for summary judgment showing the endorsements to have been by authorized personnel, before maturity of the instrument, for value and without notice of a defense.

The defendant contends that the trial court properly denied the motion for summary judgment on the sole ground that the plaintiff, who held this and other commercial paper as collateral for a loan to Stockbridge Investment Corporation in the amount of $6,766.32 and antecedent loans of over $300,000 proceeded, after default by Stockbridge in its own obligations, to advertise and sell this and other notes at a judicial sale at which it repurchased them in its own name. Defendant relies on *Code Ann.* § 109A-3—302(3): "A holder does not become a holder in due course of an instrument: (a) by purchase of it at judicial sale or by taking it under legal process." Defendant, however, ignores *Code Ann.* § 109A-3—201 which provides that the transferee of an instrument takes all rights of the transferor unless he has been a party to fraud or illegality affecting the instrument. It is specifically provided that a prior holder with notice of a defense or claim cannot improve his position by taking from a later holder in due course. The status of one against whom a defense might have been urged in his prior capacity will not improve by interposing such a holder, but in the same vein one with the rights of a holder in due course, and who has not otherwise lost such rights, does not diminish his status by purchasing at a judicial sale although he may not *by virtue of such purchase alone* become a due course holder. That the Code has in this respect adhered to existing law see former *Code* § 14-508; *Veal v. Jenkins,* 58 Ga. App. 4 (3) (197 SE 328); *Code* § 39-1303.

The trial court erred in denying the motion for summary judgment.

*Judgment reversed. Frankum, P. J., and Quillian, J., concur.*

ARGUED FEBRUARY 8, 1967—DECIDED FEBRUARY 23, 1967.

*Robert S. Whitelaw, Powell, Goldstein, Frazer & Murphy, Larry I. Bogart,* for appellant.

*S. T. Ellis,* for appellee.