**ZENITH UNIFORM RENTAL CORPORATION, Appellant,**

v.

**PRESTON ROAD DODGE, INC., Appellee.**

No. 4764.

Court of Civil Appeals of Texas.

Waco.

Nov. 27, 1968.

John A. Pace, Dallas, for appellant.

Roger W. Kraus, Clements, Kraus & Fiedler, Richardson, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from a take-nothing judgment in a suit for damages for breach of contract. Plaintiff Zenith Uniform Rental, sued defendant Preston Road Dodge, alleging defendant contracted

in writing to rent from plaintiff its uniform requirements for 18 months; that defendant breached such contract to plaintiff's damage of $688. Defendant answered that Ben E. Poppe (who signed the contract on behalf of defendant) did not have authority, either actual or apparent, to execute the contract on behalf of defendant.

Trial before the Court without a jury resulted in judgment that plaintiff take nothing.

The trial court found:

8. Ben E. Poppe did not have actual authority to enter the contract on behalf of defendant.

9. Ben E. Poppe did not have apparent authority to enter into such contract.

10. That defendant performed no act nor failed to perform any act which would lead plaintiff to believe Poppe had authority to enter into the uniform rental contract.

Plaintiff appeals on 4 points, contending:

1) The trial court erred in making finding 9, for the reason the making of the employee its service manager clothed the employee with apparent authority to enter the contract.

2) There is no evidence, or insufficient evidence, to support finding 10.

Defendant is an automobile dealership. It has a service department with 17 employees. Ben E. Poppe was the Service Manager of defendant. Poppe entered into a contract in writing, on behalf of defendant, with plaintiff, whereby plaintiff would furnish uniform service to 17 employees of defendant's service department for 18 months. Defendant breached such contract, and plaintiff sued for its damages. The record reflects Poppe had no actual authority to enter the contract. The trial court found Poppe had no apparent authority. Plaintiff contends that the fact that defendant appointed Poppe its Service Manager, and he was acting in such capac-

ity, is sufficient as a matter of law, to clothe him with apparent authority to contract for uniform service for defendant's Service Department.

Plaintiff's salesman and Vice President, Mr. Ludwick, who executed the contract for plaintiff, testified he had been in the uniform rental business for 14 years; that he "always" dealt with the Service Manager in dealing with automobile dealerships; and that in the 11 dealerships he does business with, he deals with the Service Manager.

There is no evidence as such that it is customary in the automobile business that the making of uniform rental contracts is a function of the Service Manager.

■ By apparent authority is meant such authority as a reasonably prudent man, using diligence and discretion in view of the principal's conduct, would naturally and reasonably suppose the agent to possess. And an agent who is clothed with apparent authority may make a binding contract, although his authority is actually so limited as not to authorize the making of such contract. Thus a principal may so clothe the agent with the indicia of authority as to lead a reasonably prudent person to believe that he actually has such authority. Great Am. Cas. Co. v. Eichelberger, Tex. Civ.App., er. ref., 37 S.W.2d 1050; Chastain v. Cooper & Reed, 152 Tex. 322, 257 S.W. 2d 422.

■ An apparent authority exists when the principal, by his voluntary act, places the agent in such position that a person of ordinary prudence, conversant with business usages, and the nature of a particular business, would be justified in presuming that the agent had the authority to perform the act in question. 3 Am.Jur.2d 476; 55 A.L.R.2d 35, 37 et seq.

We have been cited to no case, and have found none, where as a matter of law, a Service Manager of an automobile agency has apparent authority to contract for uniform rental.

Every agency carries with it all of the powers necessary and proper to effectuate its purpose. But the existence of incidental powers is generally a question of fact. See 55 A.L.R.2d, p. 35 et seq.; also Collins & Douglas v. Cooper, 65 Tex. 460; Ford, Bacon & Davis, Inc. v. Torrance, Jr., Tex.Civ.App., 349 S.W.2d 113.

We think whether Poppe had apparent authority to contract for uniforms, under the record, a fact question, and not a question of law. The trial court could have found that Poppe had such apparent authority, but from the record we think the trial court was authorized to find as it did.

Plaintiff's points and contentions are overruled.

Affirmed.