Patricia Ann BENNETT, Appellant,

v.

The NATIONAL LIFE & ACCIDENT IN-
SURANCE COMPANY, Appellee.

No. 17241.

Court of Civil Appeals of Texas.

Dallas.

Feb. 21, 1969.

Rehearing Denied March 14, 1969.

John E. Collins of Mullinax, Wells, Mauzy, Levy & Richards, Dallas, for appellant.

Robert E. Davis of Matthews & Thorp, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This suit was brought by The National Life & Accident Insurance Company against Patricia Ann Bennett, seeking to cancel and rescind a life insurance policy issued on the life of John T. Gardner, deceased, in which the defendant was

named as beneficiary. The insurance company asserted that it was entitled to have the policy concelled because the deceased Gardner had knowingly and willfully made false statements and representations of fact concerning his health as a part of the application for the issuance of the policy and that such policy was issued by the company without knowledge of the falsity thereof and but for which same would not have been issued. Defendant beneficiary filed an answer as well as a counter claim seeking to recover the principal amount of the policy of insurance. The trial court sustained a motion for summary judgment filed by the insurance company and rendered judgment denying the beneficiary any recovery save and except the amount of premiums tendered by the company. Defendant has appealed. We affirm.

The facts upon which the trial court rendered the summary judgment are uncontroverted.

The National Life & Accident Insurance Company at all times material herein was engaged in the business of selling policies of insurance, including life insurance. A. C. Jones, Jr. was a soliciting agent for the insurance company, as that term is defined in Art. 21.04, Texas Insurance Code, V.A. T.S. On February 2, 1966 John T. Gardner signed an application in which he applied for life insurance with appellee company. In answer to one of the questions contained in the printed form of application Gardner stated that he had not been treated for, nor had he been told that he had diabetes. In answer to another question he stated that within the past five years he had not consulted a doctor for treatment or diagnosis of any sickness, disease or injury, nor had he been admitted to a hospital or similar institution. The application was taken by and signed by A. C. Jones, Jr. In reliance upon said application appellee insurance company issued its policy of life insurance on John T. Gardner for the face value of $500, naming as beneficiary thereof Patricia A. Bennett. The application signed by Gardner contained a provision that: " * * * no contract of insurance shall become effective unless and until a policy has been delivered to me during the lifetime and good health of the Proposed Insured and the full first premium paid on said policy." The policy provided, inter alia, "This policy shall take effect on Date of Issue, provided the Insured is then alive and in sound health, but not otherwise."

The statements made by Gardner, as related above, concerning the status of his health at the time he signed the application were false. For several months prior to the time the application was signed Gardner was suffering from diabetes, and had been diagnosed as such and was receiving treatment therefor. Gardner had been confined to the hospital and treated for diabetes in 1965. Patricia Bennett and her husband both knew of the facts concerning Gardner's health at the time the application was signed in their presence. It is undisputed that Jones possessed knowledge that Gardner was not in good health at the time the application was filled in and signed. He knew Gardner had been hospitalized only a few months before the application was signed. On that occasion Gardner asked Jones, "Do you think it will pass?" and Jones replied, "The only thing we can do is run it through and see."

It was a part of Jones' duty, as soliciting agent, to communicate with the appellee company and advise them of any information which he might have concerning the status of the insured's health. Jones did not advise appellee company of any of the facts concerning Gardner's bad health. Following Gardner's death, and when the appellee company learned of the facts concerning Gardner's pre-existing illness, this suit was filed and the premium collected was tendered back to the beneficiary named.

Appellant contends, in one point of error, that the trial court erred in granting summary judgment because three issues of fact were presented by the record: (1) whether Jones knew that Gardner was not

in good health; (2) whether appellee company waived, and was thereby estopped, from asserting its alleged "good health" defense; and (3) whether the false answers to the questions in the application were inserted by Jones. We find no merit to either of these contentions and overrule same.

As to the first and third contentions concerning issues of fact the summary judgment evidence conclusively shows that Jones did have knowledge of Gardner's recent hospitalization and that he was suffering from diabetes. It is also without dispute in the record that while Jones may have filled out the application blanks and answered the questions he did so in the presence of Gardner and with Gardner's knowledge.

As to the question of waiver and estoppel appellant earnestly contends that the knowledge of Jones concerning the status of Gardner's health was imputed to appellee insurance company and therefore it, with such knowledge, issued the policy and can now not be heard to complain or assert the defenses presented. Such is not the law. The policy of insurance between the parties expressly provided that: "No agent shall have the power or authority to waive, change or alter any of the terms or conditions of this policy * * *." Moreover, Art. 21.04, Texas Insurance Code, specifically provides:

"* * * such agent [soliciting agent] shall not have the power to waive, change or alter any of the terms or conditions of the application or policy."

To accept appellant's argument would be to judicially destroy the express purpose and intent of this statute.

The identical argument now presented was advanced in the case of Great National Life Ins. Co. v. Hulme, 134 Tex. 539, 136 S.W.2d 602 (Tex.Com.App., Sec. A, 1940, opinion adopted by the Supreme Court).

In that case the agent had inserted a false answer in the application for the policy concerning heart trouble which had been admittedly suffered by the applicant. Such information concerning the heart disease had not been communicated to the insurance company by the agent. The court, in denying that the insurance company was estopped to assert its defense under the "good health" clause, said:

"Bell [the soliciting agent] had no authority from the company to make an insurance contract, and therefore no agreement made by him, or fraud perpetrated by him, or knowledge possessed by him, can be given effect to modify the good-health stipulation contained in the policy. Indianapolis Life Ins. Co. v. Powell, Tex.Com.App., [133 Tex. 547] 127 S.W.2d 172. It cannot be said that the company, in issuing the policy and having Bell to deliver same, consented to modify said stipulation by excepting heart trouble from the scope of its operation. This is so for the reason that in issuing the policy and causing its delivery, the company was ignorant of the fact that Mrs. Hulme had heart trouble, and the company did nothing to signify that it consented to such a modification."

To the same effect see National Life & Accident Ins. Co. v. Romero, 353 S.W. 2d 320 (Tex.Civ.App., Beaumont 1962, writ ref'd n. r. e.) and National Life Assurance Co. of Tex. v. Neves, 370 S.W.2d 144 (Tex.Civ.App., Eastland 1963, writ ref'd n. r. e.).

We have carefully examined this record in the light of the well established rules relating to judicial review of summary judgments and have concluded that the trial court was correct in granting the motion and rendering judgment against appellant.

The judgment of the trial court is affirmed.