**Mrs. Barbara Ann BRACHETT, Appellant,**

v.

**UNIVERSAL LIFE INSURANCE COMPANY, Appellee.**

**No. 7397.**

Court of Civil Appeals of Texas,
Beaumont.

Dec. 14, 1972.

Alan McNeill, Beaumont, for appellant.

Aloysius M. Wickliff, Roberson L. King, Houston, for appellee.

DIES, Chief Justice.

On November 6, 1971, Leonard Charles Brachett signed an application for a $16,000 life insurance policy with Universal Life Insurance Company. The agent, Peaches Marie Washington, collected at the same time $26.30 for the first quarterly premium and $5.00 "joining fee". The application was sent to the company's home office in Memphis, Tennessee, but before the issuance or delivery of a policy, Brachett died on November 21, 1971. Brachett's widow, plaintiff below, sued contending there was coverage, and a jury found that the agent, Peaches Marie Washington, stated that insurance would be in force after paying the premium and passing the physical examination and that this agent had apparent authority to bind the insurance company. The court granted defendant's motion for judgment non obstante veredicto and entered a judgment in its favor, from which plaintiff appeals.

Both parties agree that the only issue we review is agent Washington's apparent authority to bind the company before Brachett's demise. We agree with the trial court and affirm the judgment.

■ The judgment non obstante veredicto is valid only if there is "no evidence" to support the jury's verdict. See 38 Tex. Law Rev. 361 (1960) by Judge Calvert.

The application signed by Brachett carried the following provision:

> "I hereby agree for myself and for any person who may have or claim an interest in any policy which may be issued upon this application that: (1) No statement, information or agreement made or given by or to the person soliciting or taking this application or by or to any other person shall be binding on the Company, unless reduced to writing

and then only if presented to and approved by Executive Officers of the Company, at its Executive Office."

By statute in Texas (Insurance Code, Art. 21.04, V.A.T.S.), it is provided:

"Any person who shall solicit an application for insurance upon the life of another shall in any controversy between the assured and his beneficiary and the company issuing any policy upon such application be regarded as the agent of the company, and not the agent of the insured, but such agent shall not have the power to waive, change or alter any of the terms or conditions of the application or policy."

See American National Insurance Co. v. Huey, 66 S.W.2d 690 (Tex.Com.App.1933); Southland Life Ins. Co. v. Statler, 139 Tex. 496, 163 S.W.2d 623 (1942); Texas Life Ins. Co. v. Shuford, 131 S.W.2d 118 (Tex. Civ.App., San Antonio, 1939, no writ); and Southwestern Life Ins. Co. v. Evans, 262 S.W.2d 512, 516 (Tex.Civ.App., Beaumont, 1953, error ref.).

 If agent Washington had apparent authority to bind this insurance company, this apparent authority must be conferred by the actions of the company, intentionally or by lack of ordinary care, which would induce third persons to believe that agent Washington had this authority. See cases cited in 2 Tex.Jur.2d Agency § 44 (1959). We find no such actions or holding out in this case. Peaches Washington was only a soliciting agent described in the record and appellant's brief as a "hustler". She was paid commissions on the policies she sold. There is no evidence in the record that the company had ever allowed her to determine the effective date of a policy or recognized any such statements or representations. Glens Falls Indemnity Company v. Roberson, 282 S.W.2d 438 (Tex.Civ.App., El Paso, 1955, no writ). There can be no apparent authority without evidence of conduct by the principal which would lead Brachett to believe Washington had this authority.

Mutual Life Insurance of New York v. Anderson, 408 S.W.2d 335, 341 (Tex.Civ. App., Dallas, 1966, error ref. n. r. e.); Zenith Uniform Rent. Corp. v. Preston Road Dodge, Inc., 435 S.W.2d 305 (Tex.Civ.App., Waco, 1968, no writ). In our case there was no such evidence. Until the application involved was accepted by the company, it was just an offer on Brachett's part. Mutual Life Insurance of New York v. Anderson, supra, 408 S.W.2d at 340; National Union Fire Ins. Co. v. Patrick, 198 S.W. 1050, 1053 (Tex.Civ.App., Amarillo, 1917, no writ).

The judgment of the trial court is affirmed.