**DOCTORS HOSPITAL OF TEXARKANA, INC., et al., Appellants,**

v.

**REPUBLIC NATIONAL BANK OF DALLAS, Appellee.**

No. 8173.

Court of Civil Appeals of Texas, Texarkana.

July 17, 1973.

Rehearing Denied July 17, 1973.

Charles J. Hlavinka, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellants.

Donald R. Rector, Dallas, for appellee.

CHADICK, Chief Justice.

The trial court judgment herein recites that a jury was waived and the case was submitted upon stipulated facts, depositions on file with the court, and pleadings of the parties. The judgment of the trial court awarded appellee, Republic National Bank of Dallas, a joint and several recovery of $15,815.31 from the appellants, Doctors Hospital of Texarkana, Inc., Harold H. Short and R. K. Harrison, plus accrued interest, attorney fees, interest after judgment, etc. The several appellants (defendants in the trial court) have perfected an appeal to this court.

Two negotiable promissory notes are in suit. The first note, it is alleged in the plaintiff's petition, was made by Doctor's Hospital of Texarkana, Inc., Harold H. Short and R. K. Harrison, with James C. Knight named as Payee; it is in the principal sum of $15,000.00, bears interest at the rate of 7% per annum, is dated September 14, 1967, and is due December 14, 1967. The second note, it is alleged, was made by the same makers and had the same payee as the first; it is in the principal sum of $25,000.00 and bears interest at the rate of 7½% per annum, is dated December 29, 1967, and is due March 31, 1968. The parties stipulated that the notes were delivered by the makers to the payee, "as evidence of the obligation of Doctors Hospital of Texarkana, Inc., and R. K. Harrison, M. D. and Harold H. Short, M. D., if any, with respect to the project contemplated by the contract" dated September 14, 1967, for the conversion of Tanglewood Convalescent Center into Doctors Hospital of Texarkana, Inc.

After the makers delivered the two notes to Knight, he endorsed and delivered them to First Bank and Trust of Richardson as collateral security for the payment of Knight's existing and future indebtedness to that banking facility. It was stipulated that First Bank & Trust of Richardson was a holder of the notes in due course.

The parties additionally agreed and stipulated that James C. Knight, the payee in the two notes, granted the Republic National Bank of Dallas a security interest in the notes on April 24, 1968. The grant of such interest is evidenced by an instrument executed and delivered by Knight to the bank on such date. In the security agreement the notes are listed as collateral to secure payment of Knight's indebtedness to such bank, and such secured indebtedness is stipulated as $25,000.00, represented by a promissory note from Knight to the bank dated April 24, 1968. In summary, it is reiterated for emphasis that *Republic Bank's security interest in the two notes in suit was granted by Knight after such notes were matured and past due, and at a time when the notes were out of Knight's custo-*

*dy, having theretofore been delivered and pledged by Knight to First Bank and Trust of Richardson as security for indebtedness to that bank.*

On the same day, April 24, 1968, that Knight made his note to Republic Bank and granted such bank a security interest in the notes in suit, as mentioned above, the First Bank and Trust of Richardson, a holder in due course, transferred and assigned the two notes in suit to Republic Bank.

■ In their brief, Doctors Hospital of Texarkana, Inc., Short and Harrison make a progressive, step by step argument in their effort to demonstrate error in the trial court judgment. The first step in the argument is that Republic Bank became a prior holder, as contemplated by the statute hereafter quoted, of the two notes in suit, with notice of defenses thereto, and consequently cannot improve its position by taking such notes by assignment from First Bank and Trust of Richardson, a later holder in due course under the terms of the same statute. This argument is founded upon the provisions of Tex.Bus. & Commerce Code, Sec. 3.201(a), V.T.C.A., wherein it is said:

> "Transfer of an instrument vests in the transferee such rights as the transferror has therein, except that a transferee who has himself been a party to any fraud or illegality affecting the instrument or who as a prior holder had notice of a defense or claim against it cannot improve his position by taking from a later holder in due course."

An interpretation of this statutory language in Finance Company of America v. Wilson, 115 Ga.App. 280, 154 S.E.2d 459 (1967) is cited as lending support to the appellant's legal position.

■ The loan transaction between Knight and the Republic Bank on April 24, 1968, and the assignment and transfer transaction on the same day between First Bank and Trust of Richardson and Republic Bank are not stipulated to be a part of a single connected or overall transaction mutually entered into between the three separate parties. As the record stands, there is no stipulation that the two transactions occurred contemporaneously or of the order in which they occurred. The sequence in which these transactions occurred, however, is to be found in testimony in the depositions on file. This evidence may be considered, as the judgment recitals show this is not an agreed case governed by Tex.R.Civ.P. 263. A bank official testified:

> "The deposit slip would indicate that the proceeds of the notes were set up, first as a credit on the deposit slip, less the payment of the draft, which would indicate that a draft came into the loan cage from the Richardson Bank for the $15,815.31, and that the draft was paid out of the proceeds of this $25,000.00 note, leaving the remainder of $9,184.69 being deposited to James C. Knight and Associates account."

The quoted evidence supports the trial judge's implied conclusion that First Bank and Trust of Richardson's draft of $15,815.31 was accepted by Republic at the time of or before Knight executed his $25,000.00 note and security agreement to Republic Bank. This is inferable from the fact that the draft was deducted from the proceeds of the loan. Necessarily, the draft was accepted before the loan transaction was closed by issuance of a deposit slip. Even if the two transactions are regarded as occurring simultaneously, Republic Bank's security interest in the notes in suit was not obtained prior in time to the interest therein that it took by assignment and transfer from First Bank and Trust of Richardson. For the cited statute to have effect in this case the bank's security interest must have vested prior to the assignment from First Bank and Trust of Richardson. A simultaneous occurrence is not a prior occurrence. It is assumed in this discussion, but not decided, that Knight's grant of a security interest to Re-

public Bank under the circumstances shown was a transfer of the notes under the terms of the cited statute. The record does not support the first step in appellant's linked arguments and their whole proposition fails.

Under the record no error is shown in the matter discussed or otherwise, and the judgment of the trial court must be affirmed. The original opinion herein is withdrawn and this substituted for it. Appellant's motion ·for rehearing is overruled and the judgment of the trial court is affirmed.