**AMERICAN NATIONAL INSURANCE COMPANY, Appellant,**

v.

**Julian M. BRIONES, Appellee.**

**No. 1308.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1978.

Stephen E. Ulrich, Royston, Rayzor, Vickery & Williams, Brownsville, for appellant.

Carlos F. Vela, Harlingen, for appellee.

## OPINION

YOUNG, Justice.

In this appeal the insurer attempts to overturn the beneficiary's recovery on a $500.00 life insurance policy. Julian M. Briones, as beneficiary, filed this suit against American National Insurance Company to recover payment on a policy issued to Tomasa M. Briones, deceased. American National defended asserting that the deceased, at the time of application, was not in "good health" as the policy required and that, consequently, appellant was not liable to appellee. Appellant responded that the "good health" requirement of the policy had been waived by its purported agent, Mr. Garcia, who informed the deceased at the time of her application that as long as she was walking around she could purchase the insurance in question. Trial was to the court without a jury. The court rendered judgment for $500.00 plus $250.00 attorney's fees in appellee's favor, from which

judgment American National Insurance Company appeals. We affirm.

The pleadings and stipulation of the parties indicate that Tomasa M. Briones, who was not in good health and suffered from chronic diabetes and heart disease, made a written application to appellant for life insurance on August 17, 1971. The application made statements that Tomasa Briones did not suffer from diabetes, heart disease or other physical defects. Tomasa Briones did not know or understand the English language nor did she understand the application, so the representative of the defendant, Mr. Garcia, filled out the application making false representations about Tomasa Briones' health. The appellant, American National, subsequently issued a life insurance policy for $500.00 on August 30, 1971. The first paragraph of this policy provides as follows:

"AMERICAN NATIONAL INSURANCE COMPANY agrees, subject to the conditions contained in this Policy, to insure you, the Insured, for the amounts shown in the Policy Data Schedule if premiums are paid as required by this Policy. This Policy becomes effective on the Policy Issue Date if you, the Insured, are then alive and in good health."

The policy then provided in the fourth paragraph:

". . . The terms of this Policy can be waived or changed only by an endorsement signed by the President, a Vice-President, or a Secretary of the Company."

Tomasa Briones died on October 27, 1971.

Two further stipulations in the record which are relevant to the argument herein provide:

"(8) At the time the above described application was executed, the following persons were present: Thomasa M. Briones, Plaintiff, Julian M. Briones, and Mr. Garcia, a soliciting agent for American National Insurance Company.

\* \* \* \* \* \*

(13) The sum of Two Hundred ($200.00) Dollars is a reasonable attorney's fee for the legal services provided to the Plaintiff in this suit."

Appellant brings three points of error which generally complain that the trial court erred because Mr. Garcia was stipulated to be a soliciting agent of appellant and thus could not have waived the provisions of the insurance policy dealing with good health, citing, for example, *Bennett v. National Life & Accident Insurance Co.*, 438 S.W.2d 438 (Tex.Civ.App.—Dallas 1969, writ dism'd), and that the trial court's granting a $250.00 attorney's fee was contrary to the stipulation of the parties.

The record on appeal consists solely of the transcript. There is before this Court neither a statement of facts prepared in accordance with Rule 377, T.R.C.P. nor an agreed statement prepared in accordance with Rule 378, T.R.C.P. Findings of fact and conclusions of law were not filed. The transcript does include a set of stipulations by the parties at the time of trial styled "Statement of Agreed Facts."

The first paragraph of these stipulations state:

"To the Honorable Judge of Said Court:

The parties to the above entitled and numbered cause agree that the following is the statement of the case and of the facts proven, upon which judgment shall be entered therein, the controversy therein being submitted to the Court upon the same as such agreed statement of facts, without further record or need therefor:"

The stipulations then set out the circumstances, as explained earlier, under which the contested life insurance policy was issued. Although the language in the first paragraph refers to an "agreed statement of the facts" we cannot treat these stipulations as an agreed case under Rule 263, T.R.C.P. This rule provides:

"Parties may submit matters in controversy to the court upon an agreed statement of facts filed with the clerk, upon which judgment shall be rendered as in other cases; and such agreed statement signed and certified by the court to be correct and the judgment rendered thereon shall constitute the record of the cause."

The stipulations herein were not certified by the court as correct; in fact, there was no certificate provided at the end of the stipulations for the judge to sign. See *Perry v. Aetna Life Insurance Company of Conn.*, 380 S.W.2d 868, 875 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.). The purpose of requiring the court to certify the agreed statement of facts is to show the appellate court all of the facts upon which the judgment was rendered. See *State v. Connor*, 86 Tex. 133, 23 S.W. 1103 (1893). While the rule requires that the agreed statement should be signed and certified by the court, it has been held, however, that such is not necessary where it appears from the record that the case was tried upon such stipulation. *Perry v. Aetna Life Insurance Company of Conn.*, supra at page 876, 3 Tex. Jur.2d Rev., Agreed Case § 9 (1974).

About the record, the judgment of the trial court recites in pertinent part as follows:

". . . both parties proceeded to announce ready; the Court thereafter, proceeded to hear the stipulation of facts as tendered by the parties, *as well as other evidence* ; . . .

After having considered the pleadings, the evidence, arguments of Counsel, and the Briefs requested of each Counsel, the Court is of the opinion that the evidence supports Plaintiff's Petition beyond a preponderance of the evidence, and hereby grants Judgment to Plaintiff; . .". (Emphasis supplied.)

The judgment of the trial court, therefore, specifically negates any inference that the stipulations herein were all the evidence considered by the court. In *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 714–715 (1945), the Supreme Court considered the recitals in the court's judgment when looking to the record to see whether certain stipulated facts were the only facts considered by the trial court. In this same connection, the court in *Doctors Hosp. of Texarkana, Inc. v. Republic Nat. Bk.*, 498 S.W.2d 466 (Tex.Civ.App.—Texarkana 1973, writ ref'd n. r. e.), considered the recital of the trial court's judgment which stated, "A jury was waived and the case was sub-mitted upon stipulated facts, depositions on file with the court, and pleadings of the parties." at page 467. The court then later stated at page 468, "[T]he judgment recitals show this is not an agreed case governed by T.R.Civ.P. Rule 263."

The following factors also indicate that this was not an agreed case: the instrument nowhere referred to Rule 263, T.R.C.P.; the appellant requested findings of fact and conclusions of law; and the instrument does not place an ultimate fact essential to determination of the case beyond need for adjudication or explanation; i. e., whether Garcia was acting only as a soliciting agent, as that term is defined in Tex. Ins.Code Ann. art. 21.04 (1963), and in no other capacity at all times material to this case. See *Perry v. Aetna Life Insurance Company of Conn.*, supra, at 875.

In light of the above mentioned factors, the absence of the court's certification on the stipulations and the recitals in the judgment, we hold that the instant case is not an agreed case pursuant to Rule 263, T.R.C.P. Thus, without a complete record on appeal, and findings of fact by the court we must presume that the trial court found every fact in issue necessary to sustain its judgment and that there was evidence to support the judgment of the trial court. *White v. Corpus Christi Little Miss. Kick. Ass'n*, 526 S.W.2d 766 (Tex.Civ.App.—Corpus Christi 1975, no writ); *City of Corpus Christi v. Gilley*, 458 S.W.2d 124 (Tex.Civ. App.—Corpus Christi 1970, writ ref'd n. r. e.). For example, we may assume that the evidence showed that appellant had, by its conduct, clothed Mr. Garcia with apparent authority to make his representations waiving certain requirements of the policy. See *Brackett v. Universal Life Insurance Company*, 488 S.W.2d 584 (Tex.Civ.App.—Beaumont 1972, no writ). "An agent, who is clothed with apparent authority, may make a binding contract although his authority is actually so limited as not to authorize the making of such contract." *Employers Casualty Company v. Winslow*, 356 S.W.2d 160, 168 (Tex.Civ.App.—El Paso 1962, writ ref'd

n. r. e.). In addition, the parties could have modified or rescinded certain portions of their stipulations at trial such that the particular stipulations appellant relies upon were not considered by the court. *New v. First National Bank of Midland,* 476 S.W.2d 121, 124 (Tex.Civ.App.—El Paso 1971, writ ref'd n. r. e.).

About attorney's fees, the parties could have changed the stipulations, or the court could have awarded a greater amount in light of all of the facts presented at trial. See *Southwestern Investment Company v. Hockley Cty. Seed & Delint., Inc.,* 511 S.W.2d 724, 735 (Tex.Civ.App.—Amarillo) writ ref'd n. r. e., 516 S.W.2d 136 (Tex.Sup. 1974).

It was appellant's burden to bring before the appellate court a record which requires a reversal. Appellant did not. Because all of the appellant's points assert that either the stipulations are legally or factually insufficient to support the judgment or that the stipulations refute vital finding, appellant's points cannot be sustained. *Englander v. Kennedy,* 428 S.W.2d 806 (Tex.Sup.1968). All of appellant's points of error have been considered and are overruled.

The judgment of the trial court is affirmed.